Lee, Appellee, *v.* Wright Tool & Forge Company, Appellant.

(No. 7509—Decided April 16, 1975.)

Mr. *William B. Hewitt,* for appellee.
Mr. *Timothy P. Scanlon,* for appellant.

Victor, P. J. This action for damages for personal injuries arises out of an industrial accident occurring on December 2, 1969, at Fort Rucker, Alabama. The plaintiff, Robert E. Lee, a resident of Alabama, was injured when he fell from a grounded helicopter upon which he was per-

forming maintenance work at the instance of his employer, under contract with the United States government. He claimed that his fall to the ground was caused by the failure of a tool he was using, manufactured by the defendant, The Wright Tool & Forge, Inc., an Ohio corporation. This corporation had sold the tool to the United States government, which, in turn, had furnished the tool to the plaintiff for his use on the government's helicopter.

The record shows that on November 30, 1970, the plaintiff filed suit in Alabama against the manufacturer, Wright. This suit, and subsequent suits filed in Alabama, asking damages for his injuries, were dismissed by the Alabama courts on jurisdictional grounds. Following the Alabama decisions, the plaintiff, on July 19, 1972, filed the instant action against Wright, in the Court of Common Pleas of Summit County, Ohio, and obtained proper service of summons.

When the suit was filed in Ohio, the defendant, Wright, moved the trial court for a dismissal of the action on the ground that the action was not timely filed in Ohio. Wright claimed that the action was in tort for the breach of an implied warranty and, consequently, was controlled by R. C. 2305.10, a two year statute of limitation. Under this statute, it was claimed that the time for filing the action in Ohio had expired on December 2, 1971, more than seven months before the Ohio suit was commenced.

The Court of Common Pleas overruled this motion and the case proceeded to trial on April 23, 1974. At the conclusion of the plaintiff's case and, also, at the conclusion of the defendant's case, the court overruled motions for judgment for the defendant. The case was submitted to the impaneled jury, which returned its verdict for the plaintiff in the amount of $10,000. A judgment was entered upon the verdict, and the defendant, Wright, has appealed to this court from the judgment on the verdict and from the court's judgment overruling the defendant's motion for a judgment notwithstanding the verdict.

Specifically, the assignments of error upon which the manufacturer, Wright, seeks a reversal of the judgment are:

"1. The lower court erred in overruling defendant's motion to dismiss filed herein on September 21, 1972.

"2. The lower court erred in overruling defendant's motions for directed verdict and/or for judgment after plaintiff's opening statement, at the conclusion of the plaintiff's evidence and at the conclusion of all the evidence."

The question raised by this appeal is whether such an action, brought in Ohio to recover damages for personal injuries sustained in Alabama and arising out of the breach of an implied warranty of merchantability, is governed by the Ohio two year statute of limitations (R. C. 2305.10), or by the four year statute of the Ohio Uniform Commercial Code (R. C. 1302.98).

The parties agree that: (1) in such a situation the Ohio courts will apply the substantive law of Alabama to determine the rights and duties of the parties; and (2) in the trial of the case in Ohio, the Ohio courts will apply Ohio law to determine procedural and remedial matters, including the statute of limitations. *Collins* v. *McClure,* 143 Ohio St. 569; *Freas* v. *Sullivan,* 130 Ohio St. 486; 9 Ohio Jurisprudence 2d 822, Conflict of Laws, Section 108.

The troublesome problem here is whether questions relating to privity of contract are matters of substance or procedure. Lee contends they are substantive; Wright believes they are remedial.

Both Alabama and Ohio have adopted the Uniform Commercial Code. Each provides that a manufacturer-seller of goods impliedly warrants that the article it sells is of merchantable quality and fit for the uses intended. (Ala. Code [Recomp.] Title 7A, Section 2-314; R. C. 1302.27.) Ohio extends these warranties to the purchaser, members of his household and guests therein (R. C. 1302.98). Alabama extends these implied warranties "to any natural person, if it is reasonable to expect that such person may use, consume, or be affected by the goods, and who is injured in person by the breach of warranty." Ala. Code (Recomp.) Title 7A, Section 2-318.

Lee says that under Alabama law, Wright's warranties extend to him. Therefore, as a statutory third party

beneficiary of the contract between Wright and the government, his cause of action, as determined by Alabama law, is one in contract and he is entitled to the benefit of Ohio's four year statute of limitations.

If we accept Lee's view that matters pertaining to privity of contract are substantive rather than procedural, a reading of the statutes referred to tends to support his contention that his cause of action is one sounding in contract. We must determine, however, what interpretation the Alabama courts have placed on these statutes. There is no Alabama case on all fours with the instant case. However, the case of *Geohagen* v. *General Motors Corp.*, 291 Ala. 167, 279 So. 2d 436, indicates how the Alabama Supreme Court intends to apply Title 7A, Sections 2-314 and 2-318 to actions for personal injuries arising out of a contract of sale of a defectively manufactured product.

The *Geohagen* case concerned an action for wrongful death from injuries resulting from an accident caused by defects in an automobile manufactured by General Motors and driven by the deceased wife of the car's owner. The action was brought upon the theory of implied warranty, which extended to the wife. The court rendered a judgment for the manufacturer-seller and declared that a wrongful death action based on implied warranty could not be predicated on the provisions of Ala. Code (Recomp.) Title 7A, Sections 2-314 and 2-318. The court determined that such an action is, in its nature, *ex-delicto* and not *ex-contractu* and that the commercial code was adopted to deal only with matters arising out of contract. In a vigorous dissent, Judge Jones declared: "A literal application of the rationale of the majority opinion would exclude recovery for personal injury, nonfatal as well as fatal." (Page 182.) This decision of the Alabama court is not altogether surprising considering that, according to some commentators, Alabama has not, as yet, even adopted the doctrine of strict liability in tort, irrespective of the code provisions. See, Reitz and Seabold, *Warranties and Product Liability: who can sue and where?* 46 Temple Law Quarterly 527.

Hence, even if we accept Lee's contention that the

nature of his cause of action must be determined by Alabama law, he cannot recover because under the rationale of *Geohagen* the only action available to him under Alabama law is an action in negligence against Wright. Such an action in Ohio is governed by R. C. 2305.10.

In our judgment, matters pertaining to the form of the action are procedural and remedial and, consequently, are to be determined by Ohio law. Thus, Ohio law determines whether appellant's action sounds in contract, or tort, and further determines the appropriate statute of limitations. *Mahalsky* v. *Salem Tool Company* (C. A. 6), 461 F. 2d 581; 9 Ohio Jurisprudence 2d 826, Conflict of Law, Section 111.

In a products liability case in Ohio, a plaintiff may pursue a cause of action (1) in tort predicated upon negligence, (2) in contract where there is privity between plaintiff and defendant; and (3) in tort based upon the duty assumed by a manufacturer-seller of a product, *i. e.* for breach of an implied warranty. *Lonzrick* v. *Republic Steel Corporation*, 6 Ohio St. 2d 227. This latter action is subject to R. C. 2305.10, the two year statute of limitations. *U. S. Fidelity & Guaranty Co.* v. *Truck & Concrete Equip. Co.*, 21 Ohio St. 2d 244.

Within the context of the *Lonzrick* case, Lee's complaint alleges an action predicated upon the breach of an implied warranty of fitness, which is an action in tort. It is, therefore, barred by R. C. 2305.10, the two year statute of limitations.

The assignments of error are well taken. The judgment is reversed and final judgment is entered for the defendant, Wright Tool & Forge, Inc.

*Judgment reversed.*

MAHONEY and HARVEY, JJ., concur.

HARVEY, J., retired, of the Court of Common Pleas of Summit County, assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the Ninth Appellate District.