**Ronald G. BAZDAR, Plaintiff,**

v.

**KOPPERS COMPANY, INC., Defendant.**

**Civ. Cr. No. C80–1704.**

United States District Court,
N. D. Ohio, E. D.

Oct. 28, 1981.

Ronald K. Riley, Madra Marks, Cleveland, Ohio, for plaintiff.

Patrick R. Riley, Egler & Reinstadtler, Pittsburgh, Pa., James L. Malone, Reminger & Reminger, Cleveland, Ohio, for defendant.

## ORDER

CONTIE, District Judge.

Pending before the Court in the above captioned case is a motion of defendant Koppers Company, Inc. (Koppers) for summary judgment on the basis that this action is barred by the running of the statute of limitations.[1]

This action was initiated by plaintiff Ronald G. Bazdar on behalf of the estate of George S. Bazdar (survival action) and on his own behalf (wrongful death action) on September 12, 1980.

This Court possesses jurisdiction over this matter on the basis of diversity of citizenship. The plaintiff is a citizen of Ohio and the defendant corporation is incorporated and has its principal place of business in states other than Ohio. And, the amount in controversy exceeds $10,000.

■ Further, the Court recognizes that in a diversity case, the Federal Court is bound by state substantive law wherever applicable. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Upon review of the briefs of the parties, all agree that Ohio law is applicable to the statute of limitations issues presented herein.

This action is brought against the defendant who is a manufacturer, producer, installer, retailer, and/or merchant of coke processing ovens, machinery, equipment and/or chemicals used by the Republic Steel Corporation in Cleveland, Ohio during the time that the plaintiff's decedent was employed by the Republic Steel Corporation. The plaintiff alleges that during the performance of various duties at Republic Steel his decedent was exposed to fumes, dust and particles, including but not limited to asbestos, emitted during the coke processing from the machinery, equipment and/or chemicals manufactured and sold by the defendant. The plaintiff further alleges that the exposure and inhalation of the emitted fumes, dust and particles proximately caused his decedent to develop various lung and/or respiratory diseases. The

---

1. Also before the Court is the plaintiff's motion to strike from the files defendant Koppers Company's supplemental brief in support of its motion for summary judgment. Plaintiff's motion is based on the defendant's failure to comply with local rule 3.02 which allows the filing of reply briefs or additional briefs only with leave of court. Inasmuch as the purpose of the defendant's supplemental brief was to advise the Court of the case *Clutter v. Johns-Manville*

*Sales Corp.*, 646 F.2d 1151 (6th Cir. 1981), the Court will deny the plaintiff's motion. As an alternative to his motion to strike, the plaintiff also requests the Court to deny the defendant Koppers' motion for summary judgment on the basis that the *Clutter* case is distinguishable. The Court will likewise deny this motion and shall treat it as a supplemental brief in opposition to the defendant's motion.

plaintiff has sued the defendant on the various legal theories of negligence, strict products liability (402A of the Restatement of Torts, 2d), implied and express warranty, the Ohio wrongful death statute and the Occupational Safety and Health Act (OSHA), 29 U.S.C. section 654.

The precise issue presented to the Court by defendant's motion for summary judgment is whether or not Ohio's applicable statutes of limitation bars the plaintiff's actions for bodily injuries, under all or any of his legal theories. The statute of limitations for bodily injury actions provides in pertinent part:

An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.

Ohio Rev.Code, Section 2305.10. The statute of limitations for wrongful death actions provides in pertinent part:

Except as otherwise provided by law, every such [wrongful death] action must be commenced within two years after the death of such deceased person.

Ohio Rev.Code, Section 2125.02.

### I. Scope of applicability of sections 2305.10 and 2125.02 of Ohio's Revised Code

 Ohio Revised Code, section 2305.10 obviously applies to an action brought under the theory of negligence for bodily injury. This statute of limitations also applies to actions brought under the theory's strict products liability and breach of express or implied warranties for bodily injury where the action is based on tortious breach of duty. *Lonzrick v. Republic Steel Corp.*, 6 Ohio St.2d 227, 218 N.E.2d 185 (1967); *United States Fidelity & Guaranty Co. v. Truck and Concrete Equipment Co.*, 21 Ohio St.2d 244, 257 N.E.2d 380 (1970); *Lee v. Wright Tool & Forge Co.*, 48 Ohio App.2d 148, 356 N.E.2d 303 (9th Dist.1975). Absent an allegation of privity of contract, the four year statute of limitations of Ohio Revised Code, Section 1302.98 (Uniform Commercial Code) is not applicable to an action seeking recovery on an implied or express warranty theory. *Lee v. Wright Tool & Forge Co.*, 48 Ohio App.2d 148, 356 N.E.2d 303 (9th Dist.

1975). Thus, the plaintiff's survival action in tort is governed by Ohio Revised Code, Section 2305.10.

In regard to the application of Ohio Revised Code, Section 2125.02 to plaintiff's wrongful death action, the plaintiff alleges that a two year discovery statute of limitations would more equitably apply to a case such as the one pending before the Court. The plaintiff argues that the two year limitation period should run from the date of discovery of the causal relation between the death of plaintiff's decedent and the industrial exposure to the dangerous fumes, dust and particles. The plaintiff also argues that the application of the date of death statute of limitations rather than the discovery date would violate Ohio's Constitution Article I, Section 16 and the 14th Amendment of the United States Constitution. Application of any other statute of limitations other than the discovery period of limitation would deny plaintiff his property right of access to court in violation of the due course of law clause of Ohio's Constitution and the due process of law clause of the Federal Constitution.

First of all, the Court does not agree with plaintiff that the case *Leiberg v. Vitangelli*, 70 Ohio App. 479, 47 N.E.2d 235 (5th Dist. 1942) holds that a wrongful death action is a property right guaranteeing access to court under all conditions. That case held that a plaintiff, who was a resident enemy alien and citizen of Germany, who instituted a wrongful death action before the United States declared war against Germany, was not afterwards prohibited from prosecuting such civil action in a court within the United States. The Court further held that the word "person" in the equal protection clause of the Federal Constitution and Article I, Section 16 of the Ohio Constitution refers to anyone permitted to reside peaceably within the borders of the United States. The appeals court, therefore, held that the lower court's continuance of the wrongful death action until there was peace between the United States and Germany was an abuse of discretion and it ruled that the plaintiff was entitled to prosecute its action the same as any other "person" lawfully within the United States.

■ But, even assuming that a wrongful death action is a property right creating a right to access to the courts, such right is created by the legislature exercisable only under the conditions as stated within the statute. The right of access to courts is not a fundamental right exercisable absolutely.

An action for damages resulting from a wrongful death did not exist at common law. In granting the right to sue, the legislature has established a reasonable time limitation upon the exercise of the right. Further, the statute specifically states that wrongful death actions *must* be instituted within two years of the date of death except as otherwise provided. The legislature has not otherwise provided for an alternative period of limitation.

Admittedly the use of the date of death rather than the date of discovery will forestall a number of claims. But the use of such a starting point for the running of the statute is rationally related to the purpose of the legislation, to compensate the family of the decedent. To allow an action to be initiated whenever the cause of death is discovered would in essence be to place no time limit on the filing of claims. A wrongful death claim could be filed whenever new scientific evidence linked a particular disease with exposure to a particular chemical, even though the death had occurred years earlier. The statute would essentially provide no limitation on the action. The Court finds, therefore, that it was reasonable of the legislature, in providing a new cause of action, not to create indefinite liability for defendants.

■ Additionally, the Court notes that the Ohio constitutional provision guaranteeing that "every person, for an injury done him . . . shall have a remedy by due course of law" refers to "wrongs that are recognized by law." *Building Service & Maintenance Union v. St. Luke's Hospital*, 11 Ohio Misc. 218, 227, 227 N.E.2d 265 (C.P. Cuyahoga Cty, 1967). Only a wrongful death action brought within two years of the date of death is a wrong recognized by law. The proviso that a wrongful death action be commenced within two years of the date of death is a restriction qualifying the right of action and is not just a time limitation upon the remedy. *Sabol v. Pekoc*, 148 Ohio St. 545, 76 N.E.2d 84 (1947); *Pittsburgh C. & C. R. Co. v. Hine*, 25 Ohio St. 629 (1874). In the instant case, the two-year limit in Ohio Revised Code, Section 2125.02 is part of the "due course of law" by which a person is entitled to a remedy. The Court finds, therefore, that the application of Ohio Revised Code, Section 2125.02 as the applicable statute of limitations in no way denies the plaintiff due course of law or due process of law under the Ohio or Federal Constitutions.

Finally, the Court finds that it need not determine what would be the applicable statute of limitations to plaintiff's claims under the Occupational Safety and Health Act (OSHA), 29 U.S.C. Sections 651 et seq. The Court finds, rather, that the plaintiff has failed to state a claim under the provisions of 29 U.S.C. section 651 et seq., upon which this Court can grant relief.

■ The plaintiff asserts that the defendant is an "employer" under the terms of OSHA and that the defendant has failed to comply with 29 U.S.C. section 654(a). That section provides:

(a) Each Employee—

(1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;

(2) shall comply with occupational safety and health standards promulgated under this chapter.

Further, the term employer is defined under OSHA, 29 U.S.C. section 652(5) as follows:

(5) The term "employer" means a person engaged in a business affecting commerce who has employees, but does not include the United States or any State or political subdivision of a State.

The plaintiff cites the case *Beatty Equipment Leasing, Inc. v. Secty. of Labor*, 577 F.2d 534 (9th Cir. 1978), for the proposition

that the defendant herein was intended by Congress to be included within the term employer. The Court does not agree.

The *Beatty* case held that in a *multi-employer construction site case*, a materialman acting as a subcontractor building scaffolding could be held liable under OSHA as an employer even where the only employees exposed to the hazardous condition were employees of other subcontractors. Courts have varied and there is disagreement concerning the liability under OSHA in multi-employer construction cases. *See Annot.*, 27 A.L.R.Fed. 943, 948. The situation in the present case, however, does not involve a multi-employer construction site situation. The Court finds, therefore, that the *Beatty* case is not authority under the facts of the present case. Also, OSHA is only applicable to employers. The defendant is a manufacturer, producer, installer and retailer of coke processing ovens, machinery, equipment and/or chemicals. The employer of the plaintiff-employee was the Republic Steel Corporation and not the defendant.

■ Additionally, the Court holds that the Occupational Safety and Health Act enforces the duty of employers to supply safe working conditions via civil and criminal sanctions but it does not, directly or impliedly, create any type of civil remedy in favor of employees. *Russell v. Bartley*, 494 F.2d 334 (6th Cir. 1974).

The Court, therefore, shall dismiss the plaintiff's claim under OSHA, 29 U.S.C. section 654(a) for failure to state a claim upon which the Court may grant relief.

## II. Applicability of Ohio Revised Code, Section 2305.10 As Amended

The Court, having found that Ohio Revised Code, section 2305.10 applies to the plaintiff's survival action under the theories negligence, strict products liability, and implied and express warranty, must now determine the proper time frame within which to measure the running of the statute of limitations. Section 2305.10 provides that an action for bodily injury must be brought within two years *after the cause of action arose.* Thus, to determine the proper time frame within which this action had to be brought, the Court must determine when the plaintiff's survival claims arose.

■ A recent amendment to Ohio Revised Code, Section 2305.10, which became effective June 12, 1980, provides:

For purposes of this section, a cause of action for bodily injury caused by exposure to asbestos or to chromium in any of its chemical forms arises upon the date on which the plaintiff is informed by competent medical authority that he has been injured by such exposure, or upon the date on which, by exercise of reasonable diligence, he should have become aware that he had been injured by the exposure, whichever date occurs first.

Applying this amendment to section 2305.10 to the case at bar, there are two important limitations. First, the statutory amendment does not apply to cases filed before the amendment was enacted. *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151 (6th Cir. 1981) (applying Ohio law). In the *Clutter* case, the Sixth Circuit Court of Appeals stated:

The Ohio Constitution, statutes and case law clearly indicate that the amended statute does not apply to cases already filed before the amendment was enacted. Section 28 of the Ohio Constitution states that the "general assembly shall have no power to pass retroactive laws . . . ." Section 1.58(A)(1) of the Ohio Rev.Code states that a reenactment, amendment or appeal of a statute does not affect the prior operation of the statute or any prior action taken thereunder. The Ohio courts have refused to apply an amendment to statutes affecting the operation of a statute of limitations whether the amendment would have tolled the running of the statute or would have shortened the period thereby barring the plaintiff's cause of action.

*Id.* at 1153. (citations omitted).

In the present case, the plaintiff Bazdar filed his action on September 12, 1980, after the effective date of the above-discussed amendment which became effective June

12, 1980. Consequently, this amendment defines when Bazdar's survival claims arose to the extent that the amendment applies to his survival claims.

This leads to the second important limitation on the amendment to Section 2305.10. The statute expressly provides that it applies to actions for bodily injury caused by exposure to asbestos or chromium in any of its chemical forms. The survival action on behalf of George S. Bazdar, however, is for damages for bodily injury caused by exposure to fumes, dust and particles, including but not limited to exposure to asbestos particles. The question that arises, therefore, is whether or not the amendment applies to all claims made on behalf of George S. Bazdar or only those claims which are attributable to exposure to asbestos.

The statutory amendment is explicit and unambiguous in that it applies to exposure to asbestos and chromium. Further, if the legislature had wished to extend the amendment to all insidious diseases it would have listed them or so stated. The Court finds that the General Assembly intended to extend the amendment only to causes of actions for bodily injury due to exposure to asbestos or chromium. *Whitt v. Columbus Cooperative Enterprises*, 64 Ohio St.2d 355, 415 N.E.2d 985 (1980); *Hocking Conservancy District v. Dodson-Lindblom Assoc., Inc.*, 62 Ohio St.2d 195, 404 N.E.2d 167 (1980). The survival claim on behalf of George S. Bazdar, therefore, is divided into two categories: the claims for bodily injury not due to exposure to asbestos but due to other particulate exposure are not subject to the amendment of section 2305.10 and the claim for bodily injury due to exposure to asbestos is subject to the section 2305.10 amendment which defines when such claim arose. The Court, therefore, will treat the survival claims of non-asbestos exposure and the claim for asbestos exposure separately under the terms of section 2305.10.

**A. Plaintiff's Non-Asbestos Survival**

The plaintiff's non-asbestos survival claim is brought to recover damages for bodily injury caused by an insidious disease. An insidious disease is one that develops so gradually as to be well established before becoming apparent. In this case the plaintiff claims that the disease caused by exposure to the dust, fumes and particles at the Republic Steel Corporation's plant developed gradually from the time of exposure.

The Sixth Circuit Court of Appeals recently stated:

> This Court holds the claims for insidious diseases caused by exposure to asbestos accrue under Ohio law when the disease has manifested.

*Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151, 1158 (6th Cir. 1981). Within the *Clutter* decision the Court of Appeals, in applying Ohio law, also stated that the manifestation rule applies to the accrual of a claim for injury from an insidious disease. *Id.* at 1153–54 (citing *Brush Beryllium Co. v. Meckley*, 284 F.2d 797 (6th Cir. 1960)). In the *Clutter* case, the appeals court applied the manifestation rule rather than the discovery rule suggested by the plaintiffs on the date of last exposure.[2]

This Court finds that the *Clutter* case and the *Brush Beryllium* case are directly applicable and that the plaintiff's cause of action accrued, for purposes of the running of the statute of limitations, at the time the diseases manifested itself. Further, the disease is manifested at the time that there is an outward, perceptible sign of the disease and not at the time that the disease has, or reasonably should have been discovered. *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d at 1158.

Applying the manifestation rule to the survival claims of the plaintiff (excepting the asbestos claim) the Court finds that all of these claims are barred by the statute of limitations, Ohio Revised Code, Section 2305.10.

---

**2.** The Court of Appeals explicitly stated that the manifestation rule is not necessarily the same as a discovery rule. Manifestation and discovery may coincide, but a condition may also be manifested before one has, or reasonably should have, discovered the cause of the condition. *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d at 1158 (6th Cir. 1981).

**1202**

The plaintiff's non-asbestos survival claims do not accrue or arise until the disease is manifested.[3] The date of death, however, is the last possible date that the alleged disease could have manifested. Logically the disease must manifest itself while the plaintiff's decedent was living in order for there to exist a survival action. Ohio's survival statute, Revised Code, Section 2305.21, provides that any cause of action which a person would have for personal injury *during his lifetime* survives his death and may be brought on behalf on his estate. *Jones v. Wittenberg University*, 534 F.2d 1203 (6th Cir. 1976). If a survival action for insidious diseases arises when the disease is manifested and if an action must arise during the injured person's life to be a survival action, then such disease manifestation must occur during the life of the injured person. The plaintiff Bazdar's decedent died on June 10, 1977. Thus, his survival action, if it accrued at all accrued no later than Mr. Bazdar's date of death. The plaintiff, however, did not file this action within two years of the last date that the survival action could have arisen. The applicable statute of limitations, therefore, bars his survival actions.

### B. Plaintiff's Asbestos Survival Claim

█ For claims involving bodily injury caused by exposure to asbestos, Ohio Revised Code, Section 2305.10 states that the cause of action accrues *either* upon the date he is informed by competent medical authority that he has been injured by such exposure, or upon the date on which he should have become aware that he had been injured by such exposure. Again, the last day upon which the cause of action could accrue, either by being informed by competent medical authority that an injury has occurred due to exposure to asbestos or at the time that the exposed person should have become aware that he had been exposed and injured, would have been the date of death. A survival action must accrue during the life of the injured person.

In the present case, the plaintiff's decedent Bazdar died on June 10, 1977. The action brought on his behalf, however, was not commenced until September 12, 1980, more than two years after the date that his cause of action accrued. The plaintiff's action on behalf of decedent Bazdar, therefore, for damages for exposure to asbestos is also barred by the statute of limitations.

### III. Plaintiff's Wrongful Death Action

█ In addition to the survival action brought on behalf of plaintiff's decedent, the plaintiff has brought his own wrongful death action. As stated previously, Ohio Revised Code, section 2125.02 is the statute of limitations applicable to actions for wrongful death. Under that statute "*every such action must be commenced within two years after the death of such person.*" This wrongful death action, however, was commenced within this two year period.

The Court finds, therefore, that the plaintiff's wrongful death action is barred by the

---

**3.** The plaintiff has cited *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657 (3rd Cir. 1980) (applying Ohio law) for the proposition that the discovery rule should be applied, in interpreting Ohio Revised Code, Section 2305.10. In that case the Third Circuit Court of Appeals held that the discovery rule tolled the running of the statute of limitations pursuant to the Ohio Supreme Court's reasoning in the case. *Melnyk v. Cleveland Clinic*, 32 Ohio St.2d 198, 290 N.E.2d 916 (1972). This Court, however, does not agree that the discovery rule should toll the running of the statute of limitations in this case. As previously stated, the Sixth Circuit Court of Appeals has specifically stated that a cause of action for insidious diseases *arises* on the date the disease is manifested. *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151 (6th Cir. 1981). The Sixth Circuit in *Clutter* relied on its earlier opinion in *Brush Beryllium Co. v. Meckley*, 284 F.2d 797, 800 (6th Cir. 1960) which held that a negligent act does not give rise to a cause of action. Rather, a claim arises when there is damage and the damage is known or knowable. Further, to apply the discovery rule so as to toll the running of the statute of limitations beyond the death of injured individuals would be contrary to the purpose of the statute of limitations of preventing stale claims. Allowing the discovery rule to run past the date of death would allow survival actions to be brought *at any time* the decedent's estate through medical advancement or otherwise discovered the cause of the decedent's injuries that were suffered during his lifetime.

statute of limitations, Ohio Revised Code, Section 2125.02.

### IV. Negligent Concealment

 The plaintiff also contends that the statute of limitations may be tolled where the defendant has *negligently* concealed plaintiff's cause of action. This Court does not agree with the plaintiff. The Ohio Supreme Court has stated that *fraudulent* concealment will not enlarge the time for bringing an action under the statute of limitations. *Fee's Admr. v. Fee,* 10 Ohio 470 (1841); *See also, Shrewsbury v. Smith,* 511 F.2d 1058 (6th Cir. 1975). Inasmuch as fraudulent concealment will not toll the statute of limitations under Ohio law the Court finds negligent concealment of facts also will not toll the statute of limitations.

### V. State And Federal Constitutions

In addition to his claim that the discovery rule should equitably be applied to this case, the plaintiff also asserts that a finding that the two-year statute of limitations begins running from the date of last exposure to the toxic fumes and chemicals would deny him rights under the "all courts shall be open" and "due course of law" clauses of Article I, Section 16 of the Ohio Constitution and the due process and equal protection clauses of the Federal Constitution.

The plaintiff essentially makes three claims: first, every citizen of the State of Ohio has the right to seek remedy by court action for any injuries done to him in his person or property; second, the right to sue for personal injury is a fundamental right protected by the United States Constitution; and third, discrimination between persons injured as a result of exposure to asbestos or chromium and persons injured as a result of exposure to other toxins is unjustified and violative of the equal protection clause of the United States Constitution.

 The Court first notes that the state constitutional provision "due course of law" has been analyzed and found to be the equivalent of the due process clause of the fourteenth amendment to the United States Constitution. *State ex rel. Heller v. Miller,* 61 Ohio St.2d 6, 399 N.E.2d 66 (1980); *In Re Appropriations of Easement,* 104 Ohio App. 243, 148 N.E.2d 242 (1957). The "due course of law" provision protects the citizens of the state of Ohio, in the same manner as does the federal due process clause, against arbitrary actions by the government.

 Second, the Court finds that the right to sue in a court of Ohio for damages due to injury or property is a right at common law and such right is neither absolute nor fundamental.

 No vested *right exists that pre-*vents a legislature from changing the rules of the common law. *Fassig v. State ex rel. Turner,* 95 Ohio St. 232, 248, 116 N.E. 104 (1917). The United States Supreme Court has stated that the due process clause does not forbid the "creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object." *Silver v. Silver,* 280 U.S. 117, 122, 50 S.Ct. 57, 58, 74 L.Ed. 221 (1929). In *Munn v. Illinois,* 94 U.S. 113, 24 L.Ed. 77 (1877), the Court stated,

> "a person has no property, no vested interest, in any rule of the common law .... Rights of property which have been created by the common law cannot be taken away without Due Process; but the law itself, as a rule of conduct may be changed at the will ... of the legislature, unless prevented by constitutional limitations.

 Also, there exists no fundamental right to have access to courts and remedy for injuries. The claim involved in this case is that the statute of limitations cannot be construed in such a way as to deny the plaintiff the availability of a court to remedy injuries done. Such a claim does not involve a right entitled to special constitutional protection, but rather involves a common law right, so that access to courts may be hindered if there is a rational basis for so doing. *Ortwein v. Schwab,* 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1978); *Woods v. Holy Cross Hospital,* 591 F.2d 1164 (1979).

The statutes of limitation applied in this case are the two year limit on personal injury actions after the action accrues and the two year limit after the date of death in wrongful death actions. The Court has previously found that the limitation in the wrongful death action is reasonably related to its purpose.[4] The Court also finds that the two year period of limitations after the cause of action accrues is equally reasonable in personal injury cases. The plaintiff, however, does not complain of the two year period. Instead, his complaint concerns the date upon which his claims arise. This Court has found that the claim arises at the time the injury manifests itself.

Applying the rational basis test to the question of whether the manifestation rule denies the plaintiff access to courts in violation of the Ohio and Federal Constitutions, this Court finds that no such violation exists. The manifestation rule applicable to determining when insidious disease causes of actions arise is reasonably related to a legitimate state purpose. The purpose of a statute of limitations is to prevent the litigation of state claims after notice of the invasion of legal rights.[5] Manifestation of injury is notice of damage which constitutes notice of the invasion of legal rights. *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151, 1157 (6th Cir. 1981); *Brush Beryllium Co. v. Meckley*, 284 F.2d 797, 800 (6th Cir. 1960). And, the two year limitation period prevents the litigation of state claims.

4. The wrongful death action was treated previously inasmuch as the two year limitation period was created as part of a qualifying restriction on the right to bring a wrongful death action. The challenge here, however, concerns the two year limit only in terms of whether or not the limitation is an appropriate limit in the availability of a remedy. The question is not whether the right exists, but only when does such right to a remedy arise. The Ohio Supreme Court has stated that the language limiting wrongful death actions to two years after the date of death "does not strictly constitute a time limitation on the bringing of an action; it expresses an integral element of the right of the action itself and if an action is not brought within two years from the death of the decedent it must fail, not because the statute of limitations provides the time within which it

In regard to the plaintiff's claim that Ohio Revised Code, Section 2305.10 and the recent amendment thereto would deny him equal protection of the laws should the presentation of the asbestos claim be allowed whereas the other claims resulting from exposure to other toxins are barred, the Court finds that inasmuch as all claims filed are barred no such equal protection issue is presented. Bazdar's claims, based on asbestos and on other toxins exposure, were dismissed on the same basis that the actions must have accrued during his life. The Court concludes, therefore, that the plaintiff is not denied any rights and Ohio Constitution, Article I, Section 16 or under the fourteenth amendment of the Federal Constitution.

## VI. Conclusion

Accordingly and for the reasons stated above, the Court hereby grants the defendant's motion for summary judgment.

IT IS SO ORDERED.

must be brought, but because the time limit is of the very essence of the action." *Sabol v. Pekoc*, 148 Ohio St. 545, 552, 76 N.E.2d 84 (1947).

5. The Court also notes that the basis for dismissal of plaintiff's claims is that they must have arisen during the plaintiff's decedent's life and that the plaintiff failed to file the survival action within two years of the date of death. Thus, as the survival action, regardless of which rule is used to determine when the action accrues, the Court finds that such actions must accrue during the life of the injured party. Otherwise, such actions have no limitation but rather would arise at any time medical science connects an injury with a cause.