ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellee,

v.

R.V. WORLD, INC.; Sun Hawk Products, Appellant.

[Cite as *St. Paul Fire & Marine Ins. Co. v. R.V. World* (1989), 62 Ohio App.3d 535.]

Court of Appeals of Ohio,
Summit County.

No. 13542.

Decided April 12, 1989.

536

*Edward A. DiGiantonio,* for appellee.

*Thomas G. Carey, Jr.,* for appellant.

BAIRD, Presiding Judge.

This cause came before the court upon the appeal of Sun Hawk Products from the decision of the trial court awarding the sum of $34,406 to St. Paul Fire and Marine Insurance Company.

On March 18, 1985, Ira and Gladys Kenyon purchased a motor home for $54,815 from R.V. World, Inc. Sun Hawk manufactured the motor home. On Saturday, March 30, 1985, at approximately 6:30 a.m., the motor home became engulfed in flames. The fire appeared to have originated in the rear bedroom of the motor home. On the day of the fire, the Kenyons notified their insurance company, St. Paul Fire and Marine, of the fire. Arson was ruled out immediately as the cause of the fire. On April 23, 1985, the Aurora Fire Department sent Ira Kenyon a letter along with its investigative report of the fire. The letter is all that appears in the record. It reads:

"There is a possibility that the wires that were cut off on air conditioner that was removed from the ceiling above the bed may have shorted out and caused the fire, but we cannot prove that theory."

St. Paul Fire and Marine hired an independent investigator to determine the cause of the fire. On May 15, 1985, the investigator issued his report. In his report, the investigator concluded that the fire resulted from electrical arcing and shorting of uncapped romex wire located in the rear bedroom of the motor home.

On June 26, 1985, St. Paul Fire and Marine paid $54,700 to the Kenyons to cover the loss of the van. As subrogee to any claims the Kenyons had against the retailer, R.V. World, and the manufacturer, Sun Hawk, St. Paul Fire and Marine sold the damaged motor home for salvage, receiving $20,544. On April 15, 1987, it proceeded to file a products liability action against R.V. World and Sun Hawk in which it alleged breach of warranty and negligent design and installation, and strict liability in tort.

The case was tried to the bench and resulted in dismissal of R.V. World and a judgment against Sun Hawk in the sum of $34,406. It is from this judgment that Sun Hawk appeals.

All four assignments of error will be addressed together as they are premised upon the issue of whether St. Paul Fire and Marine's products liability action is time barred.

### Assignments of Error

"I. The trial court erred in treating this property damage loss under theories of implied warranty when neither party was involved in the initial contract of sale.

"II. The trial court erred in failing to grant appellant's directed verdict based on the two-year statute of limitations.

"III. The trial court erred in extending the limitations period by a 'discovery rule' in claims involving fire loss to a motor home.

"IV. The trial court erred in denying appellant's motion for a directed verdict based on the expiration of the statute of limitations when the insurance company's duty to pay for the loss was apparent no later than the day after the loss."

The thrust of Sun Hawk's argument is that the trial court should have directed a verdict in its favor because St. Paul Fire and Marine filed its complaint more than two years past the date when its cause of action accrued. During the trial, Sun Hawk mislabeled a Civ.R. 41(B)(2) motion to dismiss as a motion for directed verdict. In determining a motion for an involuntary dismissal in a non-jury case, the trial court should weigh the evidence to determine whether the non-moving party has made out his case by a preponderance of the evidence. *Jacobs v. Bd. of Cty. Commrs. of Auglaize Cty.*

(1971), 27 Ohio App.2d 63, 56 O.O.2d 245, 272 N.E.2d 635. This court, therefore, must determine if the trial court's conclusion should be set aside as against the manifest weight of evidence. *Jacobs, supra,* 27 Ohio App.2d at 65, 56 O.O.2d at 246, 272 N.E.2d at 636–637.

■ As a subrogee to the Kenyon's claims against Sun Hawk, St. Paul Fire and Marine has no rights greater than that of their insureds. Thus, the applicable statute of limitations is not predicated upon when the insurance company paid the loss, as St. Paul Fire and Marine argues, but instead is predicated upon the characterization of the claims presented in the complaint. See *Underwriters at Lloyd's v. Peerless Storage Co.* (C.A.6, 1977), 561 F.2d 20, 7 O.O.3d 463.

A plaintiff can pursue a products liability action under three theories of recovery:

"(1) An action in tort which is grounded upon negligence. * * *

"(2) A cause of action which is based upon contract. * * *

"(3) An action in tort which is based upon the breach of a duty assumed by the manufacturer-seller of a product. * * *" See *Lonzrick v. Republic Steel Corp.* (1966), 6 Ohio St.2d 227, 229–230, 35 O.O.2d 404, 405–406, 218 N.E.2d 185, 187–189; *Lee v. Wright Tool & Forge Co.* (1975), 48 Ohio App.2d 148, 2 O.O.3d 115, 356 N.E.2d 303; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

If the allegations contained in the complaint set forth a cause of action for damage to personal property, as a result of a tort, R.C. 2305.10 prescribes a two-year statute of limitations. *United States Fid. & Guar. Co. v. Truck & Concrete Equip. Co.* (1970), 21 Ohio St.2d 244, 50 O.O.2d 480, 257 N.E.2d 380. If, however, the allegations in the complaint set forth a cause of action based upon breach of contractual warranties, R.C. 1302.98 prescribes a four-year statute of limitations. *Id.* Sun Hawk contends that the trial court incorrectly determined that the complaint stated a cause of action for breach of implied and express contractual warranties and therefore incorrectly applied a four-year statute of limitations instead of a two-year statute of limitations.

■ To determine the applicable statute of limitations, we must ascertain the nature and character of St. Paul Fire and Marine's products liability action. In deciding whether the action sounds in tort or contract, consideration will be given to the nature of the injury, the language of the complaint and the legal relationship between the parties. See White & Summers, Uniform Commercial Code (1980) 416–417, Section 11–9. The following language appears in the complaint:

"10.  On or about March 30, 1985, said Sun Hawk motor home caught fire and was destroyed due to the defective design, production and manufacture of the motor home generally and its wiring/electrical system specifically.

"11.  Said fire destroyed the Sun Hawk motor home.  Said fire was the direct and proximate result of the defective nature and function of the Sun Hawk motor home generally and the wiring/electrical system specifically.

"12.  Said motor home was negligently desinged [sic], manufactured and produced by this Defendant.

"13.  In so doing, this Defendant breached express and implied warranties of fitness for particular purpose, use and merchantibility [sic], for which this Defendant is strictly liable."

■    As alleged in the complaint, and as shown by the evidence, the injury sustained by the Kenyons was in the form of property damage and not economic loss.  Moreover, the complaint does not refer to commercial code sections but instead refers to negligence and strict liability concepts.  The language of the complaint as well as the evidence suggest that St. Paul Fire and Marine's products liability suit was based on tort.

An even more compelling reason that supports such a conclusion is the lack of privity between the parties.  In Ohio, a long line of cases has developed the principle that absent privity, a plaintiff cannot bring a contract action for breach of implied warranty.  Instead, his remedy is limited to a tort cause of action.  *United States Fid. & Guar. Co., supra.*  Privity exists where the parties have entered into a contractual relationship.  *Lonzrick v. Republic Steel Corp., supra,* 6 Ohio St.2d at 229, 35 O.O.2d at 405, 218 N.E.2d at 187.  In the instant case, the Kenyons bought the motor home from R.V. World.  A sales agreement did not exist between the Kenyons and the manufacturer, Sun Hawk.  Ohio law does not extend a manufacturer's implied warranty in contract to the ultimate consumer absent privity.  Instead, Ohio has adopted a rather narrow expansion of the privity concept so that a seller's warranties extend to a person in the buyer's family, household, or to a guest of the buyer who is injured by the breach of the warranty.  R.C. 1302.31.  This provision, however, still assumes a contractual relationship exists between the seller and buyer.

■    In its opinion, the trial court did not delineate the theories of liability upon which it prefaced the award.  However, as noted in the record when the trial court denied Sun Hawk's motion for a "directed verdict," it did so on the basis that the facts supported a claim for breach of an express contractual warranty which invokes the four-year statute of limitations.  Also, the trial

court found that if the two-year statute of limitations for property damage applies, St. Paul Fire and Marine's complaint was still timely filed.

The trial court's finding of an express warranty was not supported by competent credible evidence. No contractual relationship existed between Sun Hawk and the Kenyons. The only evidence of an express warranty was Ira Kenyon's statement given at trial that the motor home was warranted for "12,000 miles or 12 months." No further evidence was introduced as to the details of the warranty or scope of coverage. The written warranty or copy was not introduced into evidence.

■ St. Paul Fire and Marine had two remaining viable claims for relief: (1) a cause of action for negligent design and manufacturing; and (2) a cause of action in strict liability. These two causes of action are tort actions and, thus, the two-year statute of limitations in R.C. 2305.10 applies. Appellant's first assignment of error is well-taken. The gravamen of the complaint is in tort and not in contract. In so concluding, we now turn to the trial court's second ground for denying Sun Hawk's "directed verdict," which is that the accrual date for St. Paul Fire and Marine's tort claims was governed by the discovery rule.

■ In denying Sun Hawk's motion for directed verdict, the court stated:

"Also, the court acknowledges the law that's developed in Ohio recently concerning discovery rule cause of action accrues at some time, one, as it is discovered and, two, the plaintiff has reasonable cause to believe that the defendant is at fault. In other words, he knew or should have known that the defendant did something wrong which caused his injury.

"So on those two bases, the court will overrule your motions with respect to the statute of limitations. * * * "

The only case in Ohio which has formulated a discovery rule in property damage cases is the Sixth District case of *Sentle Trucking Corp. v. General Motors Corp.* (July 11, 1986), Lucas App. No. L–85–270, unreported, 1986 WL 7626. St. Paul Fire and Marine relies on this case as support for the trial court's decision. The Sixth District developed a two-part discovery rule which provides that the cause of action accrues for a latent defect in personal property when:

"First, a plaintiff must know or reasonably should have known that there has been damage to his personal property; and second, the plaintiff must know or reasonably should have known that the damage to his personal property was proximately caused by the conduct of the defendant." *Id.*

We decline to adopt the version of the discovery rule articulated by the Sixth District although we agree that the discovery rule applies in property

damage cases based upon a latent defect. Specifically, this court disagrees with the last prong of the rule in which the Sixth District states that the plaintiff must know or should have known that the damage to his personal property was *proximately caused* by the defendant's conduct before his cause of action accrues.

The trial court stated the second prong of the rule in terms of whether the plaintiff "had reasonable cause to believe the defendant was at fault. In other words, he knew or should have known that the defendant did something wrong which caused his injury." In analyzing whether the trial court applied the correct standard, we start with the general proposition that the statute of limitations as to a tort does not begin to run until the wrongful act is committed. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 87, 4 OBR 335, 337, 447 N.E.2d 727, 729. However, when the wrongful act does not immediately manifest itself, the cause of action does not accrue until the actual damage occurs and not until the plaintiff can draw some relationship between the damage and the conduct of the defendant. *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 379, 23 O.O.3d 346, 348, 433 N.E.2d 147, 150. *O'Stricker v. Jim Walter Corp., supra.* A more recent pronouncement of the discovery rule can be found in *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204. In *Hershberger,* the Ohio Supreme Court articulated the following discovery rule in paragraph one of the syllabus:

"In a medical malpractice action, for the purposes of determining the accrual date in applying the statute of limitations under R.C. 2305.11(A), the trial court must look to the facts of the particular case and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition. * * * "

While the Supreme Court specifically limits its discussion of the discovery rule to medical malpractice cases, the standard developed in *Hershberger* can be applied by analogy to latent defect product liability actions. The *Hershberger* court does not require that the plaintiff know or should have known that the defendant proximately caused the damage, but instead merely requires that the plaintiff is aware that the injury/damage was related to the defendant's conduct. *Id.*

The trial court's wording of the second prong of its discovery rule appears to be more consistent with the Sixth District's approach than the recent approach in *Hershberger.* Based on *Hershberger,* a cause of action accrues in latent defect/property damage cases when:

1.  the latent defect manifests itself into actual damage;

2.  the injured party was aware or should have been aware that the damage was related to the acts of the manufacturer or seller; and

3.  the damage put a reasonable person on notice of need for further inquiry as to the cause of the damage.

The trial court must look to the facts of the case to make the foregoing determinations. *Hershberger, supra,* at paragraph one of the syllabus.

As to Sun Hawk's last three assignments of error, we find that the trial court erred in overruling Sun Hawk's "motion for a directed verdict" because it misinterpreted the discovery rule as it relates to latent defects in property damage causes. Therefore, the judgment is reversed and this case is remanded to the trial court for application of the discovery rule.

*Judgment accordingly.*

MAHONEY, J., concurs.

CACIOPPO, J., concurs in judgment only.

MAHONEY, Judge, concurring.

I concur. However, I would also find our decision to be in conflict with *Sentle, supra,* as to the necessity that the plaintiff knew or should have known the defendant proximately caused his injury before the cause of action accrues.