JOURNAL ENTRY AND OPINION.
 I. {¶ 1} In this appeal, we must determine whether the discovery rule applies so as to toll the two-year statute of limitations where, as here, a plaintiff suffered an immediate injury from the explosion of his brand-new stove. Because the plaintiff's injuries occurred immediately, we hold that the discovery rule does not apply and that his claim began to accrue as soon as the injury occurred. The trial court's grants of summary judgment in favor of the defendants-appellees, based on the plaintiff's failure to timely bring his action, are affirmed.
 II. {¶ 2} The relevant facts are straightforward. On November 14, 1997, plaintiff-appellant Charles Braxton was injured by an explosion of, according to his complaint, "unknown origin" when he turned on his new stove. Braxton had purchased the stove at Daniels Furniture 
Appliance Company ("Daniels"). The stove had been manufactured by Peerless Premier Appliance Company ("Peerless") and distributed to Daniels by Dorrance Supply Company ("Dorrance").
 {¶ 3} After the explosion, Daniels replaced the damaged stove and turned that stove over to its service agent, Household Appliance Corporation ("Household"). In its service invoice dated December 4, 1997, Household stated that the "oven control [thermo]stat is mounted upside down so gas can leak when it is turned on, even though the dial says off???" (Despite the question marks, no party disputes this conclusion at trial or here on appeal.)
 {¶ 4} Braxton filed suit on November 24, 1999 against Peerless and Daniels. Braxton voluntarily dismissed and timely refiled on June 29, 2001, naming Peerless, Daniels and Dorrance as defendants.
 {¶ 5} On December 19, 2001, Dorrance filed its motion for summary judgment, arguing that it was not liable in this products liability action. On December 28, 2001, Daniels filed a motion for summary judgment, in which Daniels argues that Braxton had failed to file within the statute of limitations and that Braxton had failed to prosecute his case. Dorrance then filed a supplemental brief, in which it argues that Braxton's failure to file within the statute of limitations precludes his claim as to all defendants. Dorrance further points out that it was not a party to the original suit and so was unaware that Braxton had missed the original filing deadline. Peerless filed its motion for summary judgment on May 14, 2002.
 {¶ 6} The trial court eventually granted summary judgment to all three defendants, holding that Braxton had failed to file within the statute of limitations. Braxton brings this appeal.
 III. {¶ 7} Assignment of Error: "The trial court erred in granting appellee's motion for summary judgment since the two-year statute of limitations for product liability claims involving latent defects must be tolled by the discovery rule."
 {¶ 8} Under this assignment of error, Braxton asks this court to determine (1) whether the two-year statute of limitations for product liability claims involving latent defects must be tolled by the discovery rule and (2) whether the trial court erred in failing to consider the unknown cause of the injury as a tolling factor.
 A. {¶ 9} We must therefore decide whether the trial court properly granted summary judgment on behalf of the defendants. We review the court's grant of summary judgment de novo. "To obtain a summary judgment under Civ.R. 56(C), the moving party must demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which support the requested judgment. If the moving party discharges its initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Summary judgment is appropriate if, after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to that party." Rodic v. Koba (Dec. 7, 2000), Cuyahoga App. No. 77599 (citations omitted).
 B. {¶ 10} "In order to dismiss a complaint based upon the statute of limitations, the complaint must conclusively establish on its face the action is barred by the statute of limitations." Moran v. Cleveland
(1988), 58 Ohio App.3d 9, citing Velotta v. Petronzio Landscaping, Inc.
(1982), 69 Ohio St.2d 376.
 {¶ 11} There is no question that Braxton's claim, brought pursuant to R.C. 2307.71 et seq., is subject to the two-year statute of limitations set forth in R.C. 2305.10. See McAuliffe v. Western StatesImport Co. (1995), 72 Ohio St.3d 534. Again, Braxton's injuries occurred on November 14, 1997 and he filed suit November 24, 1999. He asks this court, however, to apply the "discovery rule" so as to toll the accrual date until December 4, 1999, the date on which Household made its determination that the stove had a defect.
 {¶ 12} Generally speaking, the discovery rule holds that "[w]hen an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured by the conduct of defendant, for purposes of the statute of limitations contained in R.C.2305.10." O'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84, paragraph two of the syllabus.
 {¶ 13} Braxton argues that the trial court improperly focused only on the fact that he knew that he was injured immediately. Braxton argues that O'Stricker requires that he also know the cause of the injury. Braxton's argument is not quite correct.
 {¶ 14} The discovery rule applies "[w]hen an injury does not manifest itself immediately[.]" Id. Here, as Braxton himself concedes, the injury manifested itself immediately. The discovery rule is therefore inapplicable here and Braxton's cause of action began to accrue immediately, i.e., November 14, 1997. See, e.g., Roe v. Lopez (July 28, 1989), Wood App. No. WD-89-4 ("The discovery rule concerns the situation when an injury is incurred, but not discovered until later." Biro v.Hartman Funeral Home (1995), 107 Ohio App.3d 508, 514. Therefore, "It is * * * clear * * * that neither of the [O'Stricker] prongs is relevant unless `* * * an injury does not manifest itself immediately.'"). This is not a case of one being exposed to a toxin and then years later discovering that an injury has resulted from that exposure. Here, Braxton was on notice that he had been injured and that the defendants may have been liable.
 {¶ 15} Whether or not they were actually liable is what discovery is for. Here, the statute of limitations gave him two years from the injury to discover whether he had a valid claim against the defendants. Indeed, within a month of his injuries, he had information (from Household) that the stove did contain a defect.
 {¶ 16} In this regard, Braxton's reliance on St. Paul Fire Marine Ins. Co. v. R.V. World, Inc. (1989), 62 Ohio App.3d 535, supports the opposite of his argument. There, the Tenth District Court of Appeals held that a claim for a latent defect/property damage accrues when:
 {¶ 17} "1. the latent defect manifests itself into actual damage;
 {¶ 18} "2. the injured party was aware or should have been aware that the damage was related to the acts of the manufacturer or seller; and
 {¶ 19} "3. the damage put a reasonable person on notice of need for further inquiry as to the cause of the damage." Id. at 543.
 {¶ 20} Though this case is not binding on this court, its reasoning is consistent with our discussion above. Assuming for the sake of argument that the stove's defect is a "latent defect," it certainly manifested itself into actual damage. Further, Braxton, the injured party, should have been aware that his injuries were related to the stove's manufacturer or seller. Finally, and most damaging to Braxton's argument, his injuries clearly put him "on notice of need for further inquiry as to the cause of the damage." Id.
 {¶ 21} In fact, Braxton implicitly concedes as much. In his complaint, he alleges that the damages were caused by an explosion of "unknown origin." In his brief to this court, he acknowledges that, because of the injuries, he "could merely [have] suspect[ed] that something might be wrong with the stove[.]" In other words, he was "on notice of need for further inquiry as to the cause of the damage."
 IV. {¶ 22} We therefore affirm the judgment of the trial court. The discovery rule does not apply to situations where, as here, an injury manifests immediately. The trial court properly granted summary judgment on behalf of the defendants. Further, because the discovery rule does not apply to the facts at issue, the trial court did not err in failing to consider the "unknown cause" of the injury as a tolling factor. Construing the evidence most strongly in favor of Braxton, we hold that immediate manifestation of his injuries started the running of the statute of limitations and rendered the discovery rule inapplicable. His complaint, filed more than two years after his injuries, was untimely.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and SEAN C. GALLAGHER, J., concur.