Robert E. JOHNSON, et al., Plaintiffs,

v.

KOPPERS COMPANY, INC., et al., Defendants.

Civ. A. No. C80–830.

United States District Court, N. D. Ohio, E. D.

Oct. 28, 1981.

Ronald K. Riley, Berger & Kirschenbaum, Cleveland, Ohio, Scott Melton, Conte & Courtney, Conway, Pa., for plaintiffs.

Herbert Bennett Conner, Dickie & McCamey & Chilcote, Pittsburgh, Pa., James L. Malone, Reminger & Reminger, James F. Sweeney, Cleveland, Ohio, Egler & Reinstadtler, James R. Hartline, Pittsburgh, Pa., for defendants.

## ORDER

CONTIE, District Judge.

Pending before the Court in the above captioned case are the motion of defendant Koppers Company, Inc. (Koppers) to dismiss and the motions of Allied Chemical Corporation and Salem Corporation for summary judgment on the basis that this action is barred by the running of the statute of limitations.[1]  Because defendants' motions

---

1. Also before the Court is the plaintiffs' motion to strike from the files defendant Koppers Company's supplemental brief in support of its motion for summary judgment.  Plaintiffs' motion is based on the defendant's failure to comply with local rule 3.02 which allows the filing

include material not specifically included in the pleadings, the motions shall be treated jointly as defendants' motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

■ This action was originally initiated by plaintiffs Robert E. Johnson individually, Vera Tillman on behalf of the Estate of John A. Tillman (survival action) and on her own behalf (wrongful death action), and Josephine Donald, on behalf of the Estate of Ilie Donald (survival action) and on her own behalf (wrongful death action) on May 19, 1980. The plaintiffs then amended the complaint adding new plaintiffs, Kathleen Melvin and Gerald McGee, bringing suit on behalf of the estate K. C. McGee (survival action) and on their own behalf (wrongful death action) on August 27, 1980.[2]

This Court possesses jurisdiction over this matter on the basis of diversity of citizenship. All of the plaintiffs are citizens of Ohio. All of the defendant corporations are incorporated and have their principal places of business in states other than Ohio. And, the amount in controversy exceeds $10,000.

■ Further, the Court recognizes that in a diversity case, the Federal Court is bound by state substantive law wherever applicable. *Erie R. R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Upon review of the briefs of the parties, all agree that Ohio law is applicable to the statute of limitations issues presented herein.

This action is brought against the defendants who are manufacturers, producers, installers, retailers, and/or merchants of coke processing ovens, machinery, equipment and/or chemicals used by the United States Steel Company during the time that the plaintiff or plaintiffs' decedents were employed by the United States Steel Company. The plaintiffs allege that during the performance of various duties at United States Steel they were exposed to fumes, dust and particles, including but not limited to asbestos, emitted during the coke processing from the machinery, equipment and/or chemicals manufactured and sold by the defendants. The plaintiffs further allege that the exposure and inhalation of the emitted fumes, dust and particles, proximately caused them to develop various lung

of reply briefs or additional briefs only with leave of court. Inasmuch as the purpose of the defendant's supplemental brief was to advise the Court of the case *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151 (6th Cir. 1981), the Court will deny the plaintiffs' motion. As an alternative to their motion to strike, the plaintiffs also request the Court to deny the defendant Koppers' motion for summary judgment on the basis that the *Clutter* case is distinguishable. The Court will likewise deny this motion and shall treat it as a supplemental brief in opposition to the defendants' motion for summary judgment.

2. Inasmuch as this case presents the issue of whether or not it is barred by the running of the statute of limitations, the Court finds that the amended complaint adding the new plaintiffs will not relate back to the original date of filing of this case. Federal Rules of Civil Procedure, Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is assessed relates back if the foregoing provi-

sion is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by the amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The action by the "new" plaintiffs arises out of working conditions during a time period different from the claims of the other three plaintiffs so that the new plaintiffs' claim does not arise out of the same conduct, transaction or occurrence set forth in the original complaint. Also, the working conditions were different inasmuch as the "new" plaintiffs' decedent had different job assignments than did the original plaintiff (or plaintiffs' decedents).

Furthermore, the Sixth Circuit Court of Appeals has held that an amendment which adds a new party creates a new cause of action and there is no relation back to the original complaint for purposes of limitations. *Marlow v. Fisher Body*, 489 F.2d 1057 (6th Cir. 1973); *See also*, 3 Moore's Federal Practice ¶ 15.15[4] at 15–208–13. (2d ed. 1980).

and/or respiratory diseases. The plaintiffs, therefore, now bring suit against the defendants on the various legal theories of negligence, strict products liability (402A of the Restatement of Torts, 2d), implied and express warranty, the Ohio wrongful death statute and the Occupational Safety and Health Act, 29 U.S.C. section 654. Plaintiff Josephine Donald also sues for violation of the requirements of the Toxic Substance Control Act, 15 U.S.C. section 2605.

The precise issue presented to the Court by defendants' motion for summary judgment is whether or not Ohio's applicable statutes of limitation bar the plaintiffs' actions for bodily injuries, under all or any of their legal theories. The statute of limitations for bodily injury actions provides in pertinent part:

An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.

*Ohio Rev.Code*, section 2305.10. The statute of limitations for wrongful death actions provides in pertinent part:

Except as otherwise provided by law, every such [wrongful death] action must be commenced within two years after the death of such deceased person.

*Ohio Rev.Code*, section 2125.02.

*I. Scope of applicability of sections 2305.10 and 2125.02 of Ohio's Revised Code*

▮ Ohio Revised Code, section 2305.10 obviously applies to an action brought under the theory of negligence for bodily injury. This statute of limitations also applies to actions brought under the theory's strict products liability and breach of express or implied warranties for bodily injury where the action is based on tortious breach of duty. *Lonzrick v. Republic Steel Corp.*, 6 Ohio St.2d 227, 218 N.E.2d 185 (1967); *United States Fidelity & Guaranty Co. v. Truck and Concrete Equipment Co.*, 21 Ohio St.2d 244, 257 N.E.2d 380 (1970); *Lee v. Wright Tool & Forge Co.*, 48 Ohio App.2d 148, 356 N.E.2d 303 (9th Dist. 1975). Absent an allegation of privity of contract, the four year statute of limitations of Ohio Revised Code, section 1302.98 (Uniform Commercial Code) is not applicable to an action seeking recovery on an implied or express warranty theory. *Lee v. Wright Tool & Forge Co.*, 48 Ohio App.2d 148, 356 N.E.2d 303 (9th Dist. 1975). Thus, plaintiff Johnson's action and the other plaintiffs' survival actions in tort are governed by Ohio Revised Code, section 2305.10.

In regard to the application of Ohio Revised Code, section 2125.02 to plaintiffs' wrongful death actions, the plaintiffs allege that a two year discovery statute of limitations would more equitably apply to a case such as the one pending before the Court. The plaintiffs argue that the two year limitation period should run from the date of discovery of the causal relation between the death of plaintiffs' decedents and the industrial exposure to the dangerous fumes, dust and particles. The plaintiffs also argue that the application of the date of death statute of limitations rather than the discovery date would violate Ohio's Constitution Article I, Section 16 and the 14th Amendment of the United States Constitution. Application of any other statute of limitation other than the discovery period of limitation would deny plaintiffs of their property right of access to court in violation of the due course of law clause of Ohio's Constitution and the due process of law clause of the Federal Constitution.

First of all, the Court does not agree with plaintiffs that the case *Leiberg v. Vitangelli*, 70 Ohio App. 479, 47 N.E.2d 235 (5th Dist. 1942) holds that a wrongful death action is a property right guaranteeing access to court under all conditions. That case held that a plaintiff, who was a resident enemy alien and citizen of Germany, who instituted a wrongful death action before the United States declared war against Germany, was not afterwards prohibited from prosecuting such civil action in a court within the United States. The Court further held that the word "person" in the equal protection clause of the Federal Constitution and Article I, Section 16 of the Ohio Constitution refers to anyone permitted to reside peaceably within the borders of the United States. The appeals court, therefore, held that the lower court's continuance of the

wrongful death action until there was peace between the United States and Germany was an abuse of discretion and it ruled that the plaintiff was entitled to prosecute her action the same as any other "person" lawfully within the United States. The Court did not state that a wrongful death action is a fundamental property right.

But, even assuming that a wrongful death action is a property right creating a right to access to the courts, such right is created by the legislature exercisable only under the conditions as stated within the statute. The right of access to courts is not a fundamental right exercisable absolutely.

An action for damages resulting from a wrongful death did not exist at common law. In granting the right to sue, the legislature has established a reasonable time limitation upon the exercise of the right. Further, the statute specifically states that wrongful death actions *must* be instituted within two years of the date of death except as otherwise provided. The legislature has not otherwise provided for an alternative period of limitation.

Admittedly the use of the date of death rather than the date of discovery will forestall a number of claims. But the use of such a starting point for the running of the statute is rationally related to the purpose of the legislation, to compensate the family of the decedent. To allow an action to be initiated whenever the cause of death is discovered would in essence be to place no time limit on the filing of claims. A wrongful death claim could be filed whenever new scientific evidence linked a particular disease with exposure to a particular chemical, even though the death had occurred years earlier. The statute would essentially provide no limitation on the action. The Court finds, therefore, that it was reasonable of the legislature, in providing a new cause of action, not to create indefinite liability for defendants.

Additionally, the Court notes that the Ohio constitutional provision guaranteeing that "every person, for an injury done him ... shall have a remedy by due course

of law" refers to "wrongs that are recognized by law." *Building Service & Maintenance Union v. St. Luke's Hospital,* 11 Ohio Misc. 218, 227, 227 N.E.2d 265 (C.P. Cuyahoga Cty. 1967). Only a wrongful death action brought within two years of the date of death is a wrong recognized by law. The proviso that a wrongful death action be commenced within two years of the date of death is a restriction qualifying the right of action and is not just a time limitation upon the remedy. *Sabol v. Pekoc,* 148 Ohio St. 545, 76 N.E.2d 84 (1947); *Pittsburgh C. & C. R. Co. v. Hine,* 25 Ohio St. 629 (1874). In the instant case, the two-year limit in Ohio Revised Code, section 2125.02 is part of the "due course of law" by which a person is entitled to a remedy. A wrongful death action filed two years after the date of death is not only barred by the statute of limitations, but it is an action filed after the *right of action* has expired. The Court finds, therefore, that the application of Ohio Revised Code, section 2125.02 as the applicable statute of limitations in no way denies the plaintiffs of due course of law or due process of law under the Ohio or Federal Constitutions.

Finally, the Court finds that it need not determine what would be the applicable statutes of limitation to plaintiffs' claims under the Occupational Safety and Health Act (OSHA), 29 U.S.C. sections 651 et seq., and plaintiff Donald's claim under the Toxic Substance Control Act, 15 U.S.C. section 2601 et seq. The Court finds, rather, that the plaintiffs have failed to state a claim under the provisions of 29 U.S.C. section 651 et seq., and plaintiff Donald has failed under 15 U.S.C. section 2601 et seq., upon which this Court can grant relief.

The plaintiffs assert that the defendants are "employers" under the terms of OSHA and that these defendants have failed to comply with 29 U.S.C. section 654(a). That section provides:

(a) Each Employee—

(1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely

to cause death or serious physical harm to his employees;

(2) shall comply with occupational safety and health standards promulgated under this chapter.

Further, the term employer is defined under OSHA, 29 U.S.C. section 652(5) as follows:

(5) The term "employer" means a person engaged in a business affecting commerce who has employees, but does not include the United States or any State or political subdivision of a State.

The plaintiffs cite the case *Beatty Equipment Leasing, Inc. v. Secty. of Labor*, 577 F.2d 534 (9th Cir. 1978), for the proposition that the defendants herein were intended by Congress to be included within the term employer. The Court does not agree.

The *Beatty* case held that in a *multi-employer construction site case*, a materialman acting as a subcontractor building scaffolding could be held liable under OSHA as an employer even where the only employees exposed to the hazardous condition were employees of other subcontractors. Courts have varied and there is disagreement concerning the liability of subcontractors and general contractors under OSHA in multi-employer construction cases. *See Annot.*, 27 A.L.R.Fed. 943, 948. The situation in the present case, however, does not involve a multi-employer construction site situation. The Court finds, therefore, that the *Beatty* case is not authority under the facts of the present case. Also, OSHA is only applicable to employers. The defendants are manufacturers, producers, installers, and retailers of machinery equipment and/or chemicals used by the United States Steel Corporation. The employer of the plaintiff-employees was the United States Steel Corporation and not the defendants.

■ Additionally, the Court holds that the Occupational Safety and Health Act enforces the duty of employers to supply safe working conditions via civil and criminal sanctions but it does not, directly or impliedly, create any type of civil remedy in favor of employees. *Russell v. Bartley*, 494 F.2d 334 (6th Cir. 1974).

■ In regard to plaintiff Donald's claim under the Toxic Substance Control Act, 15 U.S.C. section 2605, the Court finds that section 2605 grants authority to the administrator of the Environmental Protection Agency to regulate dangerous chemical substances but it in no way creates a civil action under which damages could be recovered.

The Court, therefore, shall dismiss the plaintiffs' claims under OSHA, 29 U.S.C. section 654(a) and plaintiff Donald's claim under 15 U.S.C. section 2605 for failure to state claims upon which the Court may grant relief.

## II. Applicability of Ohio Revised Code, Section 2305.10 As Amended

The Court, having found that Ohio Revised Code, section 2305.10 applies to plaintiff Johnson's claim as well as to the other plaintiffs' survival actions under the theories negligence, strict products liability, and implied and express warranty, must now determine the proper time frame within which to measure the running of the statute of limitations. Section 2305.10 provides that an action for bodily injury must be brought within two years *after the cause of action arose*. Thus, to determine the proper time frame within which these actions had to be brought, the Court must determine when plaintiff Johnson's claim and the other plaintiffs' survival actions arose.

■ A recent amendment to Ohio Revised Code, section 2305.10, which became effective June 12, 1980, provides:

For purposes of this section, a cause of action for bodily injury caused by exposure to asbestos or to chromium in any of its chemical forms arises upon the date on which the plaintiff is informed by competent medical authority that he has been injured by such exposure, or upon the date on which, by exercise of reasonable diligence, he should have become aware that he had been injured by the exposure, whichever date occurs first.

Applying this amendment to section 2305.10 to the case at bar, there are two important

limitations. First, the statutory amendment does not apply to cases filed before the amendment was enacted. *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151 (6th Cir. 1981) (applying Ohio law). In the *Clutter* case, the Sixth Circuit Court of Appeals stated:

> The Ohio Constitution, statutes and case law clearly indicate that the amended statute does not apply to cases already filed before the amendment was enacted. Section 28 of the Ohio Constitution states that the "general assembly shall have no power to pass retroactive laws...." Section 1.58(A)(1) of the Ohio Rev.Code states that a reenactment, amendment or appeal of a statute does not affect the prior operation of the statute or any prior action taken thereunder. The Ohio courts have refused to apply an amendment to statutes affecting the operation of a statute of limitations whether the amendment would have tolled the running of the statute or would have shortened the period thereby barring the plaintiff's cause of action.

*Id.* at 1153. (citations omitted).

In the present case, the plaintiffs Johnson, Tillman and Donald filed their actions on May 19, 1980 prior to the effective date of the above-discussed amendment which became effective June 12, 1980. Consequently, this statute in no way defines when their survival actions arose. The plaintiffs Melvin and McGee, however, filed their action on behalf of K. C. McGee on August 27, 1980, after the effective date of the above-discussed amendment. Thus, this amendment defines when their survival claim arose to the extent that the amendment applies to their survival claim.

This leads to the second important limitation on the amendment to section 2305.10. The statute expressly provides that it applies to actions for bodily injury caused by exposure to asbestos or chromium in any of its chemical forms. The survival action on behalf of K. C. McGee, however, is for damages for bodily injury caused by exposure to fumes, dust and particles, including but not limited to exposure to asbestos particles. The question that arises, therefore, is whether or not the amendment applies to all claims made on behalf of K. C. McGee or only those which are attributable to exposure to asbestos.

The statutory amendment is explicit and unambiguous in that it applies to exposure to asbestos and chromium. Further, if the legislature had wished to extend the amendment to all insidious diseases it would have listed them or so stated. The Court finds that the General Assembly intended to extend the amendment only to causes of actions for bodily injury due to exposure to asbestos or chromium. *Whitt v. Columbus Cooperative Enterprises*, 64 Ohio St.2d 355, 415 N.E.2d 985 (1980); *Hocking Conservancy District v. Dodson-Lindblom Assoc., Inc.*, 62 Ohio St.2d 195, 404 N.E.2d 167 (1980). The survival claim of K. C. McGee, therefore, is divided into two categories: claims for bodily injury not due to exposure to asbestos but due to other particulate exposure are not subject to the amendment of section 2305.10 and the claim for bodily injury due to exposure to asbestos is subject to the section 2305.10 amendment which defines when such claim arose. The Court, therefore, will treat the survival claims of non-asbestos exposure in the same way and together with the survival claims of plaintiffs Johnson, Tillman and Donald.[3] The claim for asbestos exposure, however, must be treated separately under the terms of section 2305.10 as amended.

### A. Plaintiffs' Survival Claims

Plaintiff Johnson's action as well as the other plaintiffs' survival claims are brought to recover damages for bodily injury caused by insidious diseases. An insidious disease is one that develops so gradually as to be well established before becoming apparent.

---

**3.** Although the plaintiffs Johnson, Tillman and Donald present claims on the basis of exposure to particulate matter including asbestos, their claims were filed prior to the effective date of the amendment to section 2305.10 so that even their asbestos claims are subject to the applicable rule of law that defines when such causes of action arise.

All of the plaintiffs claim that the diseases caused by exposure to the dust, fumes and particles at the United Steel Company's plant developed gradually from the time of exposure.

The Sixth Circuit Court of Appeals recently stated:

> This Court holds the claims for insidious diseases caused by exposure to asbestos accrue under Ohio law when the disease has manifested.

*Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151, 1158 (6th Cir. 1981). Within the *Clutter* decision the Court of Appeals, in applying Ohio law, also stated that the manifestation rule applies to the accrual of a claim for injury from any insidious disease. *Id.* at 1153–54 (citing *Brush Beryllium Co. v. Meckley*, 284 F.2d 797 (6th Cir. 1960)). In the *Clutter* case, the appeals court applied the manifestation rule rather than the discovery rule suggested by the plaintiffs or the date of last exposure rule.[4]

■■■■ This Court finds that the *Clutter* case and the *Brush Beryllium* case are directly applicable and that the plaintiffs' causes of actions accrued, for purposes of the running of the statute of limitations, at the time the diseases manifested. Further, a disease is manifested at the time that there is an outward, perceptible sign of the disease and not at the time that the cause of the disease has, or reasonably should

have been discovered. *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d at 1158.

■■■■ Applying the manifestation rule to the survival claims of the plaintiffs (excepting the asbestos claim of K. C. McGee) the Court finds that all of these claims are barred by the statute of limitations, Ohio Revised Code, section 2305.10. Plaintiff Johnson's disease was first diagnosed on May 1, 1975. Obviously, diagnosis of the disease is a manifestation of that disease. Plaintiff Johnson's action, filed on May 19, 1980, therefore, is barred by the two-year statute of limitation inasmuch as the action accrued in May of 1975. *Ohio Rev.Code*, section 2305.10.

Further, in regard to the other plaintiffs' survival actions such actions also do not accrue or arise until the disease is manifested.[5] The date of death, however, is the last possible date that the alleged diseases could have manifested. Logically the disease must manifest itself while the plaintiff's decedents were alive in order for there to exist a survival action. Ohio's survival statute, Revised Code, section 2305.21, provides that any cause of action which a person would have for personal injury *during his lifetime* survives his death and may be brought on behalf of his estate. *Jones v. Wittenberg University*, 534 F.2d 1203 (6th Cir. 1976). If a survival action for insidious

---

4. The Court of Appeals explicitly stated that the manifestation rule is not necessarily the same as a discovery rule. Manifestation and discovery may coincide, but a condition may also be manifested before one has, or reasonably should have, discovered the cause of the condition. *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d at 1158 (6th Cir. 1981).

5. The plaintiffs have cited *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657 (3rd Cir. 1980) (applying Ohio law) for the proposition that the discovery rule should be applied in interpreting Ohio Revised Code, section 2305.-10. In that case the Third Circuit Court of Appeals held that the discovery rule tolled the running of the statute of limitations pursuant to the Ohio Supreme Court's reasoning in the case *Melnyk v. Cleveland Clinic*, 32 Ohio St.2d 198, 290 N.E.2d 916 (1972). This Court, however, does not agree that the discovery rule should toll the running of the statute of limitations in this case. As previously stated, the

Sixth Circuit Court of Appeals has specifically stated that a cause of action for insidious diseases *arises* on the date the disease is manifested. *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151 (6th Cir. 1981). The Sixth Circuit in *Clutter* relied on its earlier opinion in *Brush Beryllium Co. v. Meckley*, 284 F.2d 797, 800 (6th Cir. 1960) which held that a negligent act does not give rise to a cause of action. Rather, a claim arises when there is damage and the damage is known or knowable. Further, to apply the discovery rule so as to toll the running of the statute of limitations beyond the death of injured individuals would be contrary to the purpose of the statute of limitations of preventing stale claims. Allowing the discovery rule to run past the date of death would allow survival actions to be brought *at any time* the decedent's estate through medical advancement or otherwise discovered the cause of the decedent's injuries that were suffered during his lifetime.

diseases arises when the disease is manifested and if an action must arise during the injured person's life to be a survival action, then such disease manifestation must occur during the life of the injured person. The plaintiff Tillman's decedent died on July 9, 1975; plaintiff Donald's decedent died on April 21, 1978 and plaintiffs Melvin and McGee's decedent died on January 11, 1977. Thus, their survival actions, if they accrued at all accrued no later than their date of death. None of these plaintiffs, however, filed their actions within two years of the last date that their survival action could have arisen.[6] The applicable statute of limitations, therefore, also bars their survival actions.

### B. McGee's Asbestos Survival Claim

For claims involving bodily injury caused by exposure to asbestos, Ohio Revised Code, section 2305.10 states that the cause of action accrues *either* upon the date the injured person is informed by competent medical authority that he has been injured by such exposure, or upon the date on which the injured person should have become aware that he had been injured by such exposure. Again, the last day upon which the cause of action could accrue, either by being informed by competent medical authority that an injury has occurred due to exposure to asbestos *or* at the time that the exposed person should have become aware that he had been exposed and injured, would have been the date of death. A survival action must accrue during the life of the injured person.

In the present case, the plaintiffs' decedent McGee died on January 11, 1977. The action brought on his behalf, however, was not commenced until August 27, 1981, more than two years after the date that his cause of action accrued. The plaintiffs' action on behalf of decedent McGee, therefore, for damages for exposure to asbestos is also barred by the statute of limitations.

### III. Plaintiffs' Wrongful Death Actions

In addition to the survival actions brought on behalf of plaintiffs' decedents, plaintiffs Tillman, Donald, Melvin and McGee have brought their own wrongful death actions. As stated previously, Ohio Revised Code, section 2125.02 is the statute of limitations applicable to actions for wrongful death. Under that statute "*every* such action must be commenced within two years after the death of such person." None of the wrongful death actions, however, were commenced within this two year period.[7]

The Court finds, therefore, that the plaintiffs' wrongful death actions are barred by the statute of limitations, Ohio Revised Code, section 2125.02.

### IV. Negligent Concealment

The plaintiffs also contend that the statute of limitations may be tolled where the defendants have *negligently* concealed plaintiffs' cause of action. This Court does not agree with the plaintiffs. The Ohio Supreme Court has stated that *fraudulent* concealment will not enlarge the time for bringing an action under the statute of limitations. *Fee's Admr. v. Fee,* 10 Ohio 470 (1841); *See also, Shrewsbury v. Smith,* 511 F.2d 1058 (6th Cir. 1975). Inasmuch as fraudulent concealment will not toll the statute of limitations under Ohio law the Court finds negligent concealment of facts also will not toll the statute of limitations.

### V. State And Federal Constitutions

In addition to their claim that the discovery rule should equitably be applied to this case, the plaintiffs also assert that a finding that the two-year statute of limitations begins running from the date of last exposure to the toxic fumes and chemicals would deny them of their rights under the "all courts shall be open" and "due course

---

**6.** The actions on behalf of Tillman and Donald were filed on May 19, 1980—more than two years after their death. Likewise, the action filed on behalf of McGee was filed on August 27, 1980—also more than two years after death.

**7.** See Note 6, *supra.*

of law" clauses of Article I, Section 16 of the Ohio Constitution and the due process and equal protection clauses of the Federal Constitution.

The plaintiffs essentially make three claims: first, every citizen of the State of Ohio has the right to seek remedy by court action for any injuries done to him in his person or property; second, the right to sue for personal injury is a fundamental right protected by the United States Constitution; and third, discrimination between persons injured as a result of exposure to asbestos or chromium and persons injured as a result of exposure to other toxins is unjustified and violative of the equal protection clause of the United States Constitution.

■ The Court first notes that the state constitutional provision "due course of law" has been analyzed and found to be the equivalent of the due process clause of the fourteenth amendment to the United States Constitution. *State ex rel Heller v. Miller*, 61 Ohio St.2d 6, 399 N.E.2d 66 (1980); *In Re Appropriations of Easement*, 104 Ohio App. 243, 148 N.E.2d 242 (1957). The "due course of law" provision protects the citizens of the state of Ohio, in the same manner as does the federal due process clause, against arbitrary actions by the government.

■ Second, the Court finds that the right to sue in a court of Ohio for damages due to injury or property is a right at common law and such right is neither absolute nor fundamental.

■ No vested right exists that prevents a legislature from changing the rules of the common law. *Fassig v. State ex rel.*

*Turner*, 95 Ohio St. 232, 248, 116 N.E. 104 (1917). The United States Supreme Court has stated that the due process clause does not forbid the "creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object." *Silver v. Silver*, 280 U.S. 117, 122, 50 S.Ct. 57, 58, 74 L.Ed. 221 (1929). In *Munn v. Illinois*, 94 U.S. 113, 24 L.Ed. 77 (1877), the Court stated,

> a person has no property, no vested interest, in any rule of the common law . . . . Rights of property which have been created by the common law cannot be taken away without Due Process; but the law itself, as a rule of conduct may be changed at the will . . . of the legislature, unless prevented by constitutional limitations.

■ Also, there exists no fundamental right to have access to courts and remedy for injuries. The claim involved in this case is that the statute of limitations cannot be construed in such a way as to deny the plaintiffs the availability of a court to remedy injuries done. Such a claim does not involve a right entitled to special constitutional protection, but rather involves a common law right, so that access to courts may be hindered if there exists a rational basis. *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1978); *Woods v. Holy Cross Hospital*, 591 F.2d 1164 (1979).

The statutes of limitation applied in this case are the two year limit on personal injury actions after the action accrues and the two year limit after the date of death in wrongful death actions. The Court has previously found that the limitation in the wrongful death action is reasonably related to its purpose.[8] The Court also finds that

---

8. The wrongful death action was treated previously inasmuch as the two year limitation period was created as part of a qualifying restriction on the right to bring a wrongful death action. The challenge here, however, concerns the two year limit only in terms of whether or not the limitation is an appropriate limit on the availability of a remedy. The question is not whether the right exists, but only when does such right to a remedy arise. The Ohio Supreme Court has stated that the language limiting wrongful death actions to two years after

the date of death "does not strictly constitute a time limitation on the bringing of an action; it expresses an integral element of the right of the action itself and if an action is not brought within two years from the death of the decedent it must fail, not because the statute of limitations provides the time within which it must be brought, but because the time limit is of the very essence of the action." *Sabol v. Pekoc*, 148 Ohio St. 545, 552, 76 N.E.2d 84 (1947).

the two year period of limitations after the cause of action accrues is equally reasonable in personal injury cases. The plaintiffs, however, do not complain of the two year period. Instead, their complaint concerns the date upon which their claims arise. This Court has found that the claim arises at the time the injury manifests itself.

 Applying the rational basis test to the question of whether the manifestation rule denies the plaintiffs access to courts in violation of the Ohio and Federal Constitutions, this Court finds that no such violation exists. The manifestation rule applicable to determining when an insidious disease cause of action arises is reasonably related to a legitimate state purpose. The purpose of a statute of limitations is to prevent the litigation of stale claims after notice of the invasion of legal rights. Manifestation of injury is notice of damage which constitutes notice of the invasion of legal rights.[9] *Clutter v. Johns-Manville Sales Corp.*, 646 F.2d 1151, 1157 (6th Cir. 1981); *Brush Beryllium Co. v. Meckley*, 284 F.2d 797, 800 (6th Cir. 1960). Thus, the two year limitation period prevents the litigation of stale claims after the injured party has been notified that he has been damaged.

In regard to plaintiffs' claim that Ohio Revised Code, section 2305.10 and the recent amendment thereto would deny them equal protection of the laws should the presentation of asbestos claims be allowed whereas the other claims resulting from exposure to other toxins are barred, the Court finds that inasmuch as all claims filed are barred no such equal protection issue is presented. The claims of Johnson, Tillman and Donald are not affected inasmuch as the amendment is not applicable to their claims. And, in regard to McGee's claims, the actions based on asbestos and on other toxins exposure were dismissed on the

same basis that the actions must have accrued during his life. The Court concludes, therefore, that the plaintiffs are not denied any rights and Ohio Constitution, Article I, Section 16 or under the fourteenth amendment of the Federal Constitution.

## VI. Conclusion

Accordingly and for the reasons stated above, the Court hereby grants the defendants' motion for summary judgment.

IT IS SO ORDERED.

---

**9.** The Court also noted that except for plaintiff Johnson the basis for dismissal of plaintiffs' claims is that they must have arisen during their decedents' lives and that the plaintiffs failed to file their actions within two years of their decedents' deaths. Thus, as to the survival actions, regardless of which rule is used to determine when an action accrues, the Court finds that such actions must accrue during the life of the injured party. Otherwise, such actions have no limitation but rather arise at any time medical science connects an injury with a cause. And, in regard to plaintiff Johnson's claim, the Court notes that the manifestation rule need not be the best rule, but only rationally related to its purpose.