WARPAR MANUFACTURING
CORPORATION, Plaintiff,

v.

ASHLAND OIL, INC., et al.,
Defendants.

Civ. A. No. C78–1562.

United States District Court,
N.D. Ohio, E.D.

April 20, 1983.

Daniel L. McGookey and James E. McGookey, Lucal, Pfefferle & McGookey, Sandusky, Ohio, G. Richard Gold, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for plaintiff.

Michael R. Gallagher, Gallagher, Sharp, Fulton, Norman & Mollison, Cleveland, Ohio, for defendants.

ORDER

DOWD, District Judge.

Before the Court is the motion of defendants, Ashland Oil, Inc. and Ashland Petroleum Company (Ashland), for reconsideration of this Court's November 19, 1982, order denying Ashland's motion for partial summary judgment. Upon review, the Court grants Ashland's motion for reconsideration. Upon reconsideration, and for the reasons stated below, this Court again denies Ashland's motion for partial summary judgment.

Prior to June 1978, Warpar Manufacturing Corporation (Warpar) purchased an asphalt emulsion from Ashland. A dispute arose and Warpar instituted this action by filing its complaint against Ashland on November 21, 1978. Count I of that complaint relates, at least in part, to allegations that defects in the products supplied by Ashland resulted in damages to Warpar arising from Warpar's subsequent sale of Ashland's defective emulsion to its customers. Subsequently, it was discovered that those sales were made through Randustrial Corporation (Randustrial), a sister corporation to Warpar. Warpar subsequently sought and was granted leave to file an amended complaint naming Randustrial as

a new party plaintiff with regard to these claims and to increase the amount of the prayer for damages. That amended complaint was filed on October 20, 1981.

In its motion for partial summary judgment, Ashland argued that Randustrial's claims were barred by the statute of limitations. That argument had three components. First, Ashland argued that Ohio's two-year statute of limitations for tort actions barred Randustrial's claims because of the October 20, 1981, filing of the amended complaint. Second, Ashland argued that the amended complaint naming Randustrial as a plaintiff did not relate back to the original filing of Warpar's complaint. Finally, Ashland argued that Randustrial's claims could not be grounded in a theory of contract, governed by Ohio's four-year statute of limitations, because Randustrial lacked privity of contract with Ashland.

This Court in an order filed November 19, 1982, denied Ashland's motion for summary judgment. The Court found that, upon the briefs and submission, a genuine issue of material fact regarding the existence of privity between Randustrial and Ashland existed. The Court, therefore, concluded that summary judgment would be inappropriate on the statute of limitations issue and that Ashland's motion for partial summary judgment should be denied. Only now, upon the filing of a motion for reconsideration and upon this Court's order directing further briefing, has Ashland fully presented its position with regard to this issue. Upon review, this Court concludes, however, that it need not decide the issue of the applicability of Ohio's four-year statute of limitations for contractual sales because the amended complaint in this case relates back to the original filing date of this action and removes any statute of limitations defect.

With regard to relation back, Ashland argues that Randustrial's claims "add a new claim, one which thereby cannot relate back to the date of the original filing." Motion for partial summary judgment at 6. That argument raises two legal issues for resolution. This Court must determine whether the claims presented by Randustrial represent a "new claim". Also, should this Court determine that those claims do not represent a "new claim" the Court must determine whether an amendment naming a new party plaintiff may relate back under the provisions of Fed.R.Civ.P. 15(c). Upon review this Court concludes that Randustrial's claims do not represent a "new claim," and that a claim naming a new party plaintiff may relate back under the provisions of Fed.R.Civ.P. 15(c).

■ In its brief, Ashland attempts to demonstrate that Randustrial's "claims do not arise from the same conduct, transactions or occurrences as set forth in Warpar's original complaint." Motion for partial summary judgment at 6. A review of the amended complaint, however, indicates that it is almost identical to the original complaint; it merely adds Randustrial as a party and makes a few other insignificant changes in the pleading. This Court, therefore, concludes that Randustrial's claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading and that under the provisions of Fed.R.Civ.P. 15(c) the amendment may relate back to the date of the original pleading.

■ Ashland also argues that an amended complaint naming a new party plaintiff may not relate back under the provisions of this rule. In its note on the 1966 amendment of Rule 15, the Advisory Committee on the Federal Rules of Civil Procedure stated that:

The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in Revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on

the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated.

Fed.R.Civ.P. 15 (Advisory Committee Note to 1966 amendment). Upon review of the complaint and amended complaint, this Court concludes that the amendment is in the nature of a substitution of the real party in interest. Therefore, under the policy enunciated in the Note, it is appropriate for the amendment to relate back.

The cases cited by Ashland do not require a contrary result. Only two of those cases involve substitution of new party plaintiffs. In *Johnson v. Koppers Company, Inc.* 524 F.Supp. 1182 (N.D.Ohio 1981), the Court refused to allow the claims of new party plaintiffs to relate back. That case, arising out of an alleged exposure to asbestos, involved plaintiffs with largely unrelated claims. *Id.* at 1186 n. 2. The case of *Custer v. United States,* 224 Ct.Cl. 140, 622 F.2d 554 (1980), is also not controlling, nor persuasive.

This Court, therefore, concludes that the amended complaint relates back to the date of the filing of the original complaint and that Randustrial's claims are not barred by the statute of limitations. Accordingly, Ashland's motion for partial summary judgment is denied.

IT IS SO ORDERED.