TAYLOR, ADMX., APPELLANT, *v.* BLACK & DECKER MANUFACTURING COMPANY, A.K.A BLACK & DECKER (U.S.), INC., APPELLEE.

(No. CA83-11-082—Decided December 17, 1984.)

James D. Ruppert, James W. Nobles, Jr. and E.V.E. Joy, for appellant.

Freund, Freeze & Arnold, Neil F. Freund and Shauna K. Farquhar, for appellee.

JONES, J. On March 16, 1983, plaintiff-appellant, Bernice Taylor, filed a complaint against defendant-appellee, the Black & Decker Manufacturing Company (hereinafter "Black & Decker"), in the Court of Common Pleas of Warren County. The complaint alleged that on July 15, 1974, appellant's decedent, John Eugene Taylor, was operating a shrub and hedge trimmer manufactured by appellee. While operating the trimmer, the metal housing of the handle became electrically

charged, thereby electrocuting appellant's decedent. The complaint further alleged that the appellant, who is the Administratrix of the Estate of John Eugene Taylor, was bringing the action for her own benefit and for the benefit of Taylor's natural daughter, Katherine Taylor. The wrongful death action was predicated upon four theories of liability: (1) negligence in the design, engineering and manufacture of the trimmer; (2) defects which rendered the trimmer unreasonably dangerous; (3) failure of appellee to warn of the trimmer's dangerous condition; and (4) breach of implied warranty.

Appellee filed an answer to the complaint, and on August 22, 1983, also filed a motion to dismiss for failure to state a claim upon which relief could be granted. Specifically, appellee argued that the wrongful death action had not been commenced within the two-year period required by R.C. 2125.02. Appellant filed a memorandum in opposition to appellee's motion to dismiss.

In a decision dated October 21, 1983, the trial court determined that there was no common-law wrongful death remedy recognized in Ohio. Instead, a wrongful death cause of action existed solely by virtue of statute. The court further held that the two-year limitation set forth in the Ohio wrongful death statute was a precondition to the very existence of the cause of action. Since the restriction was not in the nature of a statute of limitations, the fact that one of the beneficiaries named in the complaint was a minor did not toll the running of the two-year period.

A judgment entry granting appel-lee's motion to dismiss was filed on November 14, 1983. A timely appeal was taken and appellant asserts one assignment of error which alleges that the trial court erred in sustaining appellee's motion to dismiss the complaint.

The sole issue presented for review in this case is whether R.C. 2305.16, which tolls a statute of limitations if a person entitled to bring the action is within the age of minority at the time the cause of action accrues, applies to a wrongful death action under R.C. Chapter 2125, when a beneficiary of a wrongful death action is a minor. Appellant claims that Katherine Taylor's minority tolls the two-year period mentioned in R.C. 2125.02, thereby allowing the action in the case at bar to be brought almost nine years after the death of appellant's decedent.

R.C. 2305.16 provides for the tolling of a statute of limitations due to a disability on the part of a person entitled to bring an action. The statute provides, in pertinent part, for the following:

"Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, *if a person entitled to bring any action mentioned in such sections,* unless for penalty or forfeiture, *is, at the time the cause of action accrues, within the age of minority,* * * * *such person may bring it within the respective times limited by such sections, after such disability is removed.* * * *" (Emphasis added.)

An action for wrongful death is required to be commenced within two years after a decedent's death. R.C. 2125.02(D).[1] We must therefore decide

---

[1] When appellant's decedent died in 1974, R.C. 2125.02 provided in pertinent part that "[e]xcept as otherwise provided by law, every such action must be commenced within two years after the death of such deceased person." Amended R.C. 2125.02, effective February 5, 1982, was the wrongful death statute in effect when appellant initiated her wrongful death action. R.C. 2105.02, as amended, did not impose any new duties, rights or obligations, nor did it remove any existing liability. *French* v. *Dwiggins* (1984), 9 Ohio St. 3d 32. The legislative amendments of R.C. 2125.02 were viewed as remedial in nature, and the wrongful death statute, as amended, simply provided the scope of

whether the requirement that a wrongful death action be commenced within two years of the decedent's death is, as appellant contends, a time limit on the remedy, or whether the time limit is a restriction qualifying the right of action as argued by appellee.

Both parties have extensively cited case law from other jurisdictions in support of their respective positions. Appellant most notably relies on those cases which have adopted the position established in *Moragne* v. *States Marine Lines, Inc.* (1970), 398 U.S. 375. In *Moragne,* the Supreme Court held that there was a common-law right to recovery for wrongful death under general maritime law. In reaching its decision, the court criticized the long-established principle that the right to recovery for wrongful death did not have its origin in the common law. Appellant urges us to adopt the holding in *Moragne* and hold that wrongful death actions have a common-law origin. Appellant points out that the holding in *Moragne* has been adopted as the "modern view" by various other states, including Massachusetts in the case of *Gaudette* v. *Webb* (1972), 362 Mass. 60, 284 N.E. 2d 222. In *Gaudette,* the court determined that the law in Massachusetts had evolved to the point where the right to recover for wrongful death was viewed as having a common-law origin. The court went on to hold that the Massachusetts wrongful death statute would no longer be regarded as creating the right to recover damages for wrongful death. Consequently, the requirement that a wrongful death action be commenced within a specified period of time was viewed as a limitation upon the remedy rather than a qualification upon the right. The court then went

on to hold that the limitations period for bringing such an action could be tolled by the various provisions of the general statute of limitations, including the disability of minority.

In asking us to adopt the view expressed in *Moragne, supra,* and those jurisdictions which have adopted the view expressed therein, appellant is asking us to ignore the precedents established by other Ohio courts in regards to this particular issue. Ohio courts have long held that the recovery of damages for wrongful death is a right which was not recognized at common law. *Sabol* v. *Pekoc* (1947), 148 Ohio St. 545 [36 O.O. 182]; *Klema* v. *St. Elizabeth's Hospital* (1960), 170 Ohio St. 519 [11 O.O.2d 326]; *Rubeck* v. *Huffman* (1978), 54 Ohio St. 2d 20 [8 O.O.3d 11]; *Keaton* v. *Ribbeck* (1979), 58 Ohio St. 2d 443 [12 O.O.3d 375].

Without the underlying common-law basis, the right to sue for wrongful death is a statutorily created right. *Sabol, supra; Rubeck, supra.* In *Collins* v. *Yanity* (1968), 14 Ohio St. 2d 202, 207 [43 O.O. 2d 301], the Supreme Court stated that:

"'* * * an action for wrongful death is brought pursuant to * * * Sections 2125.01 and 2125.02, Revised Code, which create the right of action, define it and specify the time within which such action must be brought. *Without those statutes, there would be no cause of action for wrongful death in Ohio.*" (Emphasis added.)

On the basis of their position that a wrongful death action is one which is statutorily created, without any origins in the common law, the courts have further held that the limitations period set forth within R.C. 2125.02 is an integral element of the right of the action itself.

---

recovery for those persons entitled to receive damages in a wrongful death action. *Dwiggins, supra.* The Supreme Court in *Dwiggins* held that R.C. 2125.02, as amended on February 5, 1982, was remedial in nature and was to be applied to all wrongful death actions tried on or after February 5, 1982. Accordingly, the amended version of R.C. 2125.02 is applicable to the case at bar.

*Sabol, supra; Klema, supra; Pittsburg[h], Cincinnati & St. Louis Ry. Co. v. Hine* (1874), 25 Ohio St. 629. Thus, the cases have held that the two-year limitations period is an essential element which qualifies the right of the action itself and is not merely a time limitation upon the remedy. *Hine, supra; Sabol, supra.*

In relying on the Ohio cases cited above, recent decisions in the federal courts have also held that the two-year period is a restriction qualifying the right of action and not a time limit on the remedy. *Bazdar* v. *Koppers Co., Inc.* (N.D. Ohio 1981), 524 F. Supp. 1194, appeal dismissed (C.A.6, 1982), 705 F. 2d 451; and *Johnson* v. *Koppers Co.* (N.D. Ohio 1981), 524 F. Supp. 1182, appeal dismissed (C.A.6, 1982), 705 F. 2d 454. The federal courts reasoned that the legislature, in providing for a new cause of action, did not intend to create indefinite liability for defendants, and accordingly made the two-year limitation for bringing the action an element qualifying the right of the action. *Bazdar, supra; Johnson, supra.* Thus, a wrongful death action filed more than two years after the date of death was deemed to be an action filed after the right of the action itself had expired. *Bazdar, supra; Johnson, supra.*

In *Rubeck, supra,* at 22, the Supreme Court held that the rights conferred by the wrongful death statute were also accompanied by the limitations imposed by the statute. In that case, the court held that one such limitation imposed by the statute was the type of damages to be awarded. Based on the limitations set forth in the statute, the court held that the wrongful death statute did not recognize the recovery of punitive damages. In a similar manner, R.C. 2125.02(D) imposes a limitation on a wrongful death action which requires the action to be brought within two years after the decedent's death. Such a requirement is designed to prevent the very situation present in the case at bar, namely, an indefinite period of liability for a defendant, which results in the bringing of an action almost nine years after the decedent's death.

As previously mentioned, an amended version of R.C. 2125.02 went into effect on February 5, 1982. The court in *Dwiggins, supra,* held that the amended version of the statute simply provided for the scope of recovery for those entitled to receive damages in a wrongful death action. R.C. 2125.02, as amended, was remedial in nature and did not change any existing duties, rights, obligations and elements nor did it impose any additional ones. The legislative amendments did not alter any of the substantive aspects of a wrongful death action. Had the General Assembly intended to change the long-established principle of R.C. 2125.02 which requires that a cause of action be brought within two years after the decedent's death, it would have amended the wrongful death statute so as to provide for such a change. By maintaining the two-year requirement in the wrongful death statute without qualifying the requirement in any significant manner, we feel that the legislature has evidenced its intent to maintain the established position that the two-year limitations period is a restriction which qualifies the right of action itself, and is not merely a time limitation upon the remedy. We decline to follow those states that have adopted the view set forth in *Moragne, supra,* and to judicially legislate a substantive change in wrongful death actions. We maintain that the adoption of the position advocated by appellant is best left to the General Assembly.

We therefore refuse to abrogate the precedent established by Ohio case law which has long held that a right of action for wrongful death is a statutorily created right and that the time limitation imposed by the statute is a restriction which qualifies the right of the ac-

tion rather than a time limitation on the remedy. Accordingly, we hold that the two-year limitation set forth in R.C. 2125.02(D) is not tolled by a beneficiary's minority pursuant to R.C. 2305.16. Consequently, appellant's assignment of error is hereby overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and KOEHLER, J., concur.