### Shover v. Cordis Corp.
### Case No. 11636
### Montgomery County, (2nd)
### Decided January 3, 1990
[Cite as 1 AOA 111]

*Kevin J. O'Brien, 536 South High Street, Columbus, Ohio 43215; Attorney for Plaintiff-Appellant,*

*David C. Greer, 400 Gem Plaza, Third and Main Streets, Dayton, Ohio 45402; Attorney for Defendant-Appellee.*

BROGAN, J.

Appellant, Carl Shover, (Shover) individually and as the personal representative of the estate of Betty J. Hood, appeals from the judgment of the trial court dismissing his wrongful death/survivorship action against appellee, the Cordis Corporation. (Cordis.).

Betty Hood, Shover's mother, underwent surgery on July 21, 1983 whereby a Cordis Multicor Gamma heart pacemaker, Model 337A, was implanted in her body. Approximately 4 months later, on June 28, 1984, Betty Hood died in her home. The cause of death was listed as "medullary failure, acute pulmonary failure [and] arteriosclerotic heart disease."

On February 29, 1984, unbeknownst to either Betty Hood or Shover, the Federal Food and Drug Administration issued a class I product recall for the Model 337A pacemaker because it may have caused serious health hazards or death.

Subsequently, a September 1, 1988 *Dayton Daily News* article came to Shover's attention. That article revealed that Cordis had pleaded guilty in a Miami County, Florida Federal Court to charges of concealing defects in thousands of pacemakers.

Shover thereafter contacted legal counsel and determined that the pacemaker implanted in his mother was a Model 337A, one of those recalled by the federal government. It was discovered that the recalled pacemakers had been "heat stressed" so as to possibly malfunction over time, and that certain Cordis officials were aware of this defect in 1981, yet concealed their knowledge.

Shover filed the instant action on January 23, 1989, over four years after his mother's death. The complaint purports to contain two causes of action. The first is labelled "Survivorship/Products Liability Claims" and includes these theories of liability: negligence, strict liability, breach of express warranty and breach of implied warranty. Shover's second cause of action is entitled "Wrongful Death."

Cordis moved to dismiss the complaint on March 31, 1989 on the grounds that Shover had failed to state a survivorship claim and failed to

commence his action within 2 years of decedent's death as mandated by R.C. 2125.02(D).

On May 10, 1989, the trial court sustained appellee's motion citing the precedent of *Sabol v. Pekoc* (1947), 148 Ohio St. 545.

It is from this judgment that Shover now appeals.

Shover sets forth 5 assignments of error, the first of which is as follows:

> THE COURT ERRED IN DISMISSING THE PLAINTIFF'S WRONGFUL DEATH SUIT AGAINST THE DEFENDANT ON THE GROUNDS THAT PLAINTIFF DID NOT, AND THROUGH THE EXERCISE OF DUE DILIGENCE, COULD NOT, HAVE KNOWN OF THE DEFECTS PRESENT IN THE HEART PACEMAKER MANUFACTURED BY THE DEFENDANT DUE TO THE CRIMINAL CONDUCT OF THE CORDIS CORPORATION AND CERTAIN OF ITS OFFICERS IN FRAUDULENTLY CONCEALING DEFECTS IN ITS PRODUCT.

Essentially, Shover argues that this court should adopt the "discovery rule" with respect to wrongful death actions despite the acknowledged and well-established precedent to the contrary. Adoption of the discovery rule would, Shover contends, enable his wrongful death claim to remain viable because he could not have reasonably discovered the causal connection between his mother's death and the Cordis pacemaker until he read the newspaper article.

The discovery rule has heretofore been applicable to personal injury actions for purposes of the statute of limitations set forth in R.C. 23005.10. That statute of limitations states, in pertinent part, "An action for bodily injury * * * shall be brought within two years after the cause thereof arose." In *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, the Court adopted the discovery rule in connection with personal injury actions and held:

> When an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have know, that he had been injured by the conduct of defendant, for purposes of the statute of limitations contained in R.C. 2305.10.

In contrast to the personal injury statute of limitations contained in R.C. 2305.10, the wrongful death statute in R.C. 2125.02(D) states: "An action for wrongful death shall be commenced within two years after the decedent's death." The latter statute fixes a definite event after which an action must be filed whereas the former statute is necessarily dependent upon when a reasonable person would have discovered his injury. Case law indicates that Ohio has not adopted a discovery rule in connection with a wrongful death action. For the reasons that follow we decline to adopt such a rule.

The arguments presented and the prior proceedings in the instant case are akin to those which appear in the Warren County opinion, *Taylor* v. *Black & Decker Manufacturing Co.* (1984), 21 Ohio App. 3d 186. Therein, Taylor's wrongful death action was dismissed by the trial court as it had not been commenced within 2 years of decedent's death pursuant to R.C. 2125.02.

In *Taylor*, as here, appellant argued for the adoption of a common law, rather than a merely statutory, right to recover for wrongful death. A common law right of action would permit the two year time period to limit only the remedy for wrongful death and not the right of action itself. According to Shover, this would allow application of the discovery rule rather than the date of death to trigger the running of the two year statute of limitations.

In espousing this argument, Shover relies on the cases of *Moragne* v. *States Marine Lines, Inc.* (1970), 398 U.S. 375 and on *Gaudette* v. *Webb* (1972), 362 Mass. 60. The *Moragne* Court "criticized the long-established principle that the right to recovery for wrongful death did not have its origin in the common law" and held that "there was a common law right to recovery for wrongful death under general maritime law." (*Taylor, supra* at 188). The *Gaudette* court thereafter adopted the view that a common law right of recovery for wrongful death did exist in Massachusetts, holding that the time period set forth in the Massachusetts wrongful death statute circumscribed only the remedy and not the right of recovery.

The *Taylor* court, citing *Sabol* v. *Pekoc* (1947), 148 Ohio St. 545, disclosed, "Ohio courts have long held that the recovery of damages of wrongful death is a right which was not recognized at common law." Further, "[w]ithout the underlying common-law basis, the right to sue for wrongful death is a statutorily created

right." (*Taylor, supra* at 188). The court then affirmed the judgment of the trial court, stating:

"We * * * refuse to abrogate the precedent established by Ohio case law which has long held that a right of action for wrongful death is a statutorily created right and that the time limitation imposed by the statute is a restriction which qualifies the right of action rather than a time limitation on the remedy." (*Id.* at 189-190).

The Federal District court for the Northern District of Ohio examined issues analogous to those contained in the *Taylor* opinion. In *Johnson* v. *Koppers Co. Inc.* (1981), 524 F. Supp. 1182, the court considered whether plaintiff's action for wrongful death was barred by the running of the statute of limitations. Defendant moved to dismiss plaintiff's complaint which was based upon legal theories of negligence, strict liability, breach of express and implied warranties, and the Occupational Safety and Health Act. Plaintiff argued in favor of a common law wrongful death action and for the adoption of the discovery rule with regard to the running of the wrongful death statute of limitations as does the instant appellant.

The *Johnson* court dismissed the complaint and addressed plaintiff's argument in favor of a common law right of action for wrongful death as follows:

An action for damages resulting from a wrongful death did not exist at common law. In granting the right to sue, the legislature has established a reasonable time limitation upon the exercise of the right. Further, the statute specifically states that wrongful death actions must be instituted within two years of the date of death except as otherwise provided. The legislature has not otherwise provided for an alternative period of limitation.

Admittedly the use of the date of death rather than the date of discovery will forestall a number of claims. But the use of such a starting point for the running of the statute is rationally related to the purpose of the legislation, to compensate the family of the decedent. To allow an action to be initiated whenever the cause of death is discovered would in essence be to place no time limit on the filing of claims. A wrongful death claim could be filed whenever new scientific evidence linked a particular disease with exposure to a particular chemical, even though the death had occurred years earlier. The statute would essentially provide no limitation on the action. The Court finds, therefore, that it was reasonable of the legislature, in providing a new cause of action, not to create indefinite liability for defendants.

(*Johnson, supra* at 1187). (*See also, Bazdar* v. *Kappers Co., Inc.* (1981), 524 F. Supp. 1194 containing facts, issues and rationale analogous to those in *Johnson*).

Based upon the aforementioned precedents, we overrule appellant's first assignment of error. "We decline to follow those states that have adopted the view set forth in *Moragne, supra,* and to judicially legislate a substantive change in wrongful death actions. We maintain that the adoption of the position advocated by Appellant is best left to the General Assembly." (*Taylor, supra* at 189).

Appellant's second assignment of error is as follows:

THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S WRONGFUL DEATH ACTION AGAINST THE CORDIS CORPORATION ON THE GROUNDS THAT THE DEFENDANT IS EQUITABLY ESTOPPED FROM ASSERTING THE STATUTE OF LIMITATIONS AS A BAR TO THE INSTANT ACTION BECAUSE IT HAS PERPETRATED A FRAUD UPON THE PLAINTIFF AND HIS DECEDENT IN DELIBERATELY FAILING TO ADVISE THE PLAINTIFF OR HIS DECEDENT OF A DEFECT IN RESPECT OF ITS PRODUCT.

It has long been held that "fraudulent concealment will not enlarge the time for bringing an action under the statute of limitations." (*Johnson, supra* at 1192 citing *Fee's Admr.* v. *Fee* (1841), 10 Ohio 470). In *Johnson*, as here, claimant argued that defendant concealed the cause of action until after the statute of limitations had run.

Furthermore, even if this was not the law in Ohio, the cases cited by appellant are inapposite. Appellant cites authority addressing the issue of concealment of the identity of the party defendant. In the instant

case, the identity of appellee is not at issue. Had appellant attempted to pursue appellee at an earlier date, there is no evidence that Cordis successfully concealed its identity until the statute of limitations had run. Therefore, appellant's second assignment of error is overruled.

Appellant's third assignment of error states:

THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S WRONGFUL DEATH ACTION AGAINST THE CORDIS CORPORATION ON THE GROUNDS THAT SECTION 2125.02 REVISED CODE, AS APPLIED TO BAR THE CLAIM OF A PLAINTIFF WHO DID NOT KNOW AND COULD NOT REASONABLY HAVE KNOWN, THAT A DEATH WAS PRODUCT RELATED, VIOLATES THE RIGHT TO A REMEDY PROVISION OF ARTICLE 1, SECTION 16, OF THE OHIO CONSTITUTION.

Section 16 of Article I of the Ohio Constitution provides: "All courts shall be open, and every person, for an injury done him * * * shall have remedy by due course of law, and shall have justice administered without denial or delay." Appellant argues that the extinguishment of his claim by the running of the statute of limitations unconstitutionally operates to bar his access to Ohio courts.

This argument was presented to, and rejected by, the court in *Johnson* v. *Koppers Co. Inc., supra.* We adopt the rationale of that court as it reflects the governing law of Ohio.

[T]he Court notes that the Ohio constitutional provision guaranteeing that "every person, for an injury done him ... shall have a remedy by due course of law" refers to "wrongs that are recognized by law." *Building Service & Maintenance Union* v. *St. Luke's Hospital,* 11 Ohio Misc. 218, 227 (C.P. Cuyahoga Cty, 1967). Only a wrongful death action brought within two years of the date of death is a wrong recognized by law. The proviso that a wrongful death action be commenced within two years of the date of death is a restriction qualifying the right of action and is not just a time limitation upon the remedy. *Sabol* v. *Pekoc,* 148 Ohio St. 545 (1947); *Pittsburgh C & C R. Co.* v. *Hine,* 25 Ohio St. 629 (1874). In the instant case,

the two-year limit in Ohio Revised code, Section 2125.02 is part of the "due course of law" by which a person is entitled to a remedy. A wrongful death action filed two years after the date of death is not only barred by the statute of limitations, but it is action filed after the right of action has expired.

(*Johnson, supra* at 1187).

Therefore, application of R.C. 2125.02 to appellant's wrongful death action does not unconstitionaly prevent appellant access to the courts of this state. Appellant's third assignment of error is overruled.

Appellant's fourth assignment of error states:

THE TRIAL COURT ERRED IN DISMISSING THE SURVIVORSHIP CLAIM IN RESPECT OF THE PLAINTIFF'S DECEDENT AGAINST THE CORDIS CORPORATION ON THE GROUNDS THAT THE OHIO SAVINGS STATUTE, 2305.15, REVISED CODE, TOLLS THE STATUTE OF LIMITATIONS AGAINST AN OUT-OF-STATE CORPORATE DEFENDANT.

R.C. 2305.15 states, in pertinent part: "When a cause of action accrues against a person, if he is out of state, * * *, the period of limitation for commencement of the action as provided in Sections 2305.04 to 2305.14 * * * of the Revised Code does not begin to run until he comes into the State * * *."

The United States Supreme Court had occasion to review the application of R.C. 2305.15 to a cause of action instituted against a corporation outside the jurisdiction of Ohio in the case of *Bendix* v. *Midwesco Enterprises, Inc.* (1988), 108 S. Ct. 2218.

Therein, Midwesco attempted to avoid Bendix's claim against it by asserting the bar of the statute of limitations. Bendix asserted the tolling provision of R.C. 2305.15 and Midwesco responded that the Ohio statute was an unconstitutional violation of both the Commerce Clause and the Due Process Clause of the Fourteenth Amendment.

The District Court dismissed on Commerce Clause grounds. The Court of Appeals for the Sixth Circuit affirmed.

The Supreme Court affirmed based upon a determination that R.C. 2305.15 (A) placed an

unreasonable burden on interstate commerce. The Court revealed the following rationale:

Ohio cannot justify its statute as a means of protecting its residents from corporations who become liable for acts done within the State but later withdraw from the jurisdiction, for it is conceded by all parties that the Ohio long arm statute would have permitted service on Midwesco throughout the period of limitations.

The Ohio statute of limitations is tolled only for those foreign corporations that do not subject themselves to the general jurisdiction of Ohio courts. In this manner the Ohio statute imposes a greater burden on out-of-state companies than it does on Ohio companies, subjecting the activities of foreign and domestic corporations to inconsistent regulations.

(*Bendix, supra* at 2222) (citation omitted).

Because R.C. 2305.15(A) has been held unconstitutional with respect to corporations outside the jurisdiction of this state, we cannot now hold that the statute of limitations on appellant's survivorship claim has been thereby tolled. Appellant's fourth assignment of error is overruled.

Appellant's final assignment of error is as follows:

THE TRIAL COURT ERRED IN DISMISSING THE SURVIVORSHIP CLAIM IN RESPECT OF THE PLAINTIFF'S DECEDENT ON THE GROUNDS THAT THERE IS NO EVIDENCE THAT THE PLAINTIFF'S DECEDENT, AT ANY TIME PRIOR TO HER DEATH, KNEW, OR SHOULD HAVE KNOWN, THAT HER INJURY WAS PROXIMATELY CAUSED BY THE CONDUCT OF THE DEFENDANT; HENCE, UNDER THE "DISCOVERY RULE" ADOPTED IN O'STRICKER, THE STATUTE OF LIMITATIONS NEVER BEGAN TO RUN ON THE DECEDENT'S CLAIM.

In his first cause of action, under the caption, "Survivorship/Products Liability Claims", appellant includes four theories of liability pursuant to which Betty Hood may have met her death.

A liberal interpretation of the complaint permits us to find evidence, albeit minimal, that appellee received sufficient notice of appellant's intent to assert a survivorship claim under R.C. 2305.21. Such a broad reading of the pleadings is in accordance with the holding of the Ohio Supreme Court in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, syllabus:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12 (B) (6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley* v. *Gibson*, 355 U.S. 41, followed.)"

The statute of limitations for a survivorship action is contained in R.C. 2305.10: "An action for bodily injury *** shall be brought within two years after the cause thereof arose." Our discussion of appellant's first assignment of error indicates that the discovery rule operates to trigger this statute of limitations. (*See, O'Stricker, supra*).

Because it does not appear beyond doubt from the complaint that appellant can prove no set of facts entitling him to relief upon his survivorship claim, and because it is unclear whether appellant's reading of the *Dayton Daily News* article triggered the survivorship statute of limitations, the dismissal of appellant's survivorship action must be reversed.

The judgment of the trial court will be affirmed with reference to the dismissal of appellant's wrongful death action. Regarding the survivorship action, the judgment of the trial court will be reversed and remanded for further proceedings in accordance with this opinion.

WILSON, J., and GRADY, J., concur.