BURTON, ADMX., APPELLANT, *v.* DEPEW ET AL., APPELLEES.

(No. CA87-04-056 — Decided March 31, 1988.)

*Humbach, Koehler, Oney, Kusel & Braun* and *Richard N. Koehler II,* for appellant Madge Burton, Administratrix of the Estates of Elizabeth D. Burton, Aubrey Jones, and Theresa A. Jones.

*Baden, Jones, Scheper & Crehan* and *Mathew J. Crehan,* for appellees.

*Per Curiam.* This cause came on to be heard upon appeal from the Court of Common Pleas of Butler County.

This is an appeal from a decision of the Common Pleas Court of Butler County wherein that court granted the motion to dismiss of Debbie Sauers, a.k.a. Deborah Sowers, defendant-appellee. Although the motion to dismiss filed in the court below and granted by that court does not set forth the authority for the motion, it is apparent from both the language of the motion and the entry of the trial court that that court considered the motion to be filed under favor of Civ. R. 12(B)(6). The court in its entry recites as follows:

"This matter came on for hearing upon the motion of the defendant Debbie Sauers to dismiss her as a party defendant for the reason that the complaint fails to state a cause of action upon which relief can be granted against her."

The complaint filed in the court below in substance alleges that the defendants, Rhett Gilbert DePew and Sauers, caused the wrongful death of plaintiff-appellant's decedents. Specifically, the allegation is that Sauers caused the wrongful death of the decedents by aiding and abetting DePew[1] in the commission of a wrongful act which resulted in the death of the decedents.

Although appellant's brief adopts a format which departs from the traditional, we nevertheless feel that a fair interpretation of appellant's claimed error might be characterized as follows: The trial court erred as a matter of law in granting defendant-appellee Sauers' motion to dismiss. The issue presented is: In the face of a Civ. R. 12(B) motion, does a complaint state a cause of action upon which relief can be granted when the complaint alleges that the defendant aided and abetted in the commission of a wrongful act which caused the death of plaintiff's decedents?

The trial judge in his opinion alluded to the action being brought under the wrongful death statutes, *i.e.,* R.C. 2125.01 and 2125.02. The trial judge in his opinion went on to say that the court could find no authority in the statutes or any other authorities cited which would permit "an aider and abettor to be responsible for the wrongful act."

The record before us reveals that there was no evidence presented to the court, and the only thing before the court was the complaint and the motion to dismiss. The court was therefore limited to the face of the pleading under attack. Similarly, the motion of the type here under consideration must be considered in a light which construes the allegations of the complaint most strongly against the party urging the motion. It goes without saying that there was no cause of action for a wrongful death at common law and that the cause is therefore one of statutory creation. The rule of statutory construction that statutes in

---

[1] See *State* v. *DePew* (1988), 38 Ohio St. 3d 275, 528 N.E. 2d 542.

derogation of common law are to be strictly construed has no application in the case *sub judice. Taylor* v. *Black & Decker Mfg. Co.* (1984), 21 Ohio App. 3d 186, 21 OBR 199, 486 N.E. 2d 1173.

As we view the wrongful death statute it does not set out a narrow outline of circumstances under which liability can be imposed, but rather, by its terms the statute embraces a spectrum of substantive law under which liability may be imposed upon persons for acts of negligence and intentional torts, including murder.

In the case of *Kyes* v. *Pennsylvania RR Co.* (1952), 158 Ohio St. 362, 49 O.O. 239, 109 N.E. 2d 503, the Supreme Court opined that the wrongful death statute is procedural and remedial in its nature and should be given a liberal construction. We are further instructed by R.C. 1.11, which states as follows:

"Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. The rule of the common law that statutes in derogation of the common law must be strictly construed has no application to remedial laws * * *."

It is our opinion that the trial court erred in its interpretation of R.C. 2125.01 and 2125.02 and, as a consequence, erred in granting appellee's motion to dismiss.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed
and cause remanded.*

HENDRICKSON, P.J., YOUNG and CASTLE, JJ., concur.

LYLE W. CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.