OPINION
{¶ 1} Defendant-appellant, Frank L. Wells Company (Wells), appeals the decision of the Warren County Court of Common Pleas denying its motion for summary judgment.[1] *Page 2 
We reverse the decision of the common pleas court and remand this case to make further findings not inconsistent with this holding.
 {¶ 2} In 1987, Leggett Platt, Inc. acquired a Crater C machine, which had been manufactured by Wells for another company, to bind, crate and package finished mattress springs in preparation for shipment in Leggett's Mason, Ohio facility. On March 8, 2004, while working as part of a three-man team operating the Crater C, Robert D. Brogan (Brogan), entered into the machinery to clear an obstruction. One of his other team members "cycled" the machine which pinned Brogan between the press mechanism and a crate of mattress springs. Brogan died later that day at the hospital as a result of the serious injuries he sustained.
 {¶ 3} On June 27, 2005, appellees, Brogan's estate and members of his family, filed a suit in tort against Leggett and later added a products liability claim against Wells alleging the machine was defectively designed. Subsequently, Leggett and appellees entered into a settlement agreement. Wells moved for summary judgment on the basis that appellees' claim was barred by R.C. 2125.02(D)(2)(a) which provides a ten-year statute of repose for products liability claims against manufacturers. Appellees responded to Wells' motion for summary judgment arguing that R.C. 2125.02(D)(2)(a) was unconstitutional. On January 15, 2008 the Warren County Court of Common Pleas denied Wells' motion for summary judgment after finding R.C. 2125.02(D)(2)(a) unconstitutional as contrary to the right to remedy clause in Section 16, Article I of the Ohio Constitution. Wells now appeals, alleging a single assignment of error.
 {¶ 4} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR PARTIAL [SIC] SUMMARY JUDGMENT."
 {¶ 5} In its sole assignment of error, Wells argues that the court of common pleas erred in its determination that R.C. 2125.02(D)(2)(a) was unconstitutional under the right *Page 3 
to remedy clause of Section 16, Article I of the Ohio Constitution. We agree with appellant's argument.
 {¶ 6} "Any constitutional analysis must begin with the presumption of constitutionality enjoyed by all legislation, and the understanding that it is not [a] court's duty to assess the wisdom of a particular statute." Groch v. Gen. Motors Corp. 117 Ohio St.3d 192, 2008-Ohio-546, ¶ 141, citing Brennaman v. R.M.I., Co., 70 Ohio St.3d 460 at 468,1994-Ohio-322 (Moyer, C.J., concurring in part and dissenting in part). "The only judicial inquiry into the constitutionality of a statute involves the question of legislative power, not legislative wisdom.'"State ex rel. Ohio Academy of Trial Lawyers v. Sheward,86 Ohio St.3d 451, 456, 1999-Ohio-123, quoting State ex rel. Bowman v. Allen Cty. Bd.of Commrs. (1931), 124 Ohio St. 174, 196. Indeed, "[i]t is axiomatic that all legislative enactments enjoy a presumption of constitutionality." State v. Dorso (1983), 4 Ohio St.3d 60, 61.
 {¶ 7} Because enactments of the General Assembly are presumed constitutional, "before a court may declare [one] unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." Woods v. Telb,89 Ohio St.3d 504, 510-11, 2000-Ohio-171, quoting State ex rel. Dickman v.Defenbacker (1955), 164 Ohio St. 142, paragraph one of the syllabus. "[T]he party challenging the constitutionality of a statute bears the burden of proving the unconstitutionality of the statute beyond a reasonable doubt." Woods at 511, citing State v. Thompkins, 75 Ohio St.3d 558,560, 1996-Ohio-264.
 {¶ 8} A statute may be challenged as unconstitutional on its face or as applied to a particular set of facts. Harrold v Collier,107 Ohio St.3d 44, 2005-Ohio-5334 ¶ 37, citing Belden v. Union Cent. Life Ins.Co. (1944), 143 Ohio St. 329, paragraph four of the syllabus. A facial constitutional challenge requires a party to, "establish that there exists *Page 4 
no set of circumstances under which the statute would be valid." Id., citing United States v. Salerno (1987), 481 U.S. 739, 745,107 S.Ct. 2095. As such, a facial challenge is the most difficult constitutional argument to assert. Id.
 {¶ 9} In contrast, the party who makes an as applied constitutional challenge "bears the burden of presenting clear and convincing evidence of a presently existing set of facts that make the statute
unconstitutional and void when applied to those facts." Id. at ¶ 38, citing Beldon at paragraph six of the syllabus. "In an as applied challenge, the party challenging the constitutionality of the statute contends that the `application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional. The practical effect of holding a statute unconstitutional as applied is to prevent its future application in a similar context, but not to render it utterly inoperative.'" Yajnik v.Akron Dept. of Health, Hous. Div., 101 Ohio St.3d 106, 2004-Ohio-357, ¶ 14, quoting Ada v. Guam Soc. of Obstetricians Gynecologists (1992),506 U.S. 1011, 113 S.Ct. 633 (Scalia, J., dissenting) (some internal quotations omitted).
 {¶ 10} The court of common pleas based part of its decision on the fact that a similar statute of repose — former R.C. 2305.131 — had been found unconstitutional by the Supreme Court of Ohio in Brennaman v.R.M.I. Co. The common pleas court held, absent any further analysis, that "R.C. 2125.02(D)(2) is unconstitutional as a violation of the right to remedy clause." The court's opinion failed to demonstrate that R.C. 2125.02(D)(2), and Section 16, Article I of the Ohio Constitution are incompatible beyond a reasonable doubt, and it did not give the General Assembly its legislative deference before it pronounced R.C. 2125.02(D)(2) unconstitutional.
 {¶ 11} After the common pleas court rendered its decision, the Ohio Supreme Court issued a ruling in Groch, 2008-Ohio-546, which has a clear impact on the case at bar. In Groch, the petitioner was injured by a trim press manufactured by Kard *Page 5 
Corporation and Racine Federated, Inc., both of whom claimed relief from liability by asserting application of R.C. 2305.10(C), another products liability statute of repose.[2] Id. at ¶ 5, 9. Among several claims made by the petitioner, was the argument that R.C. 2305.10(C) was unconstitutional in violation of the right to remedy clause. Id. at ¶ 15.
 {¶ 12} The Groch court noted that petitioner's arguments were "largely based on past decisions of th[e] court holding other statutes of repose unconstitutional." Id. at ¶ 100. However, the court reasoned that those previous holdings "d[id] not mean * * * that the products liability statute of repose in this case must meet the same fate." Id. The court then analyzed several of its previous holdings including Sedar v.Knowlton Constr. Co. (1990), 49 Ohio St.3d 193 (holding another statute of repose constitutional) and the case that overruled Sedar which wasBrennaman[3] Id. at ¶ 110-48. Although the court criticized the holding in Brennaman, it chose to not overrule it but specifically confined it to the limited holding that former R.C. 2305.131 — a statute of repose for real property — was unconstitutional; and the holding was inapplicable to products liability statutes of repose. Id. at ¶ 146-47.
 {¶ 13} The Groch court chose instead to apply the reasoning ofSedar by finding that the right to remedy provision was only applicable to "`existing, vested rights, and * * * state law * * * determine[d] what injuries [we]re recognized and what remedies [we]re available.'" Id. at ¶ 150, quoting Sedar at 202; see, also, Taylor v. Black DeckerMfg. Co. *Page 6 
(1984), 21 Ohio App.3d 186, 189-90 (holding R.C. 2125.02 is a statutorily created right and limitations imposed by the statute are "restriction[s] which qualif[y] the right of the action rather than * * * limit * * * the remedy") and Grubb v. Hollingsworth (Oct. 5, 1992) Preble App. No. CA91-12-024, at 6 (noting wrongful death actions are statutorily created rights and can only be utilized under the explicit conditions required by the statute). The Groch court held, consistent with Sedar, that the products liability statute of repose at issue did not violate the right to remedy clause. Id. The Ohio Supreme Court also observed that a plaintiff's right to a remedy is not completely foreclosed by a statute of repose because while some suits may be prevented, "an injured party may be able to seek recovery against other parties."[4] Groch at ¶ 151-52.
 {¶ 14} We realize that the Warren County Court of Common Pleas did not have the benefit of the Ohio Supreme Court's decision in Groch when making its initial determination regarding the constitutionality of R.C. 2125.02(D)(2). However, based on the Ohio Supreme Court's holding inGroch, we find that the court of common pleas erred in ruling on the motion for summary judgment by finding the statute unconstitutional. We therefore remand the case to the common pleas court for further consideration of the merits of Wells' motion for summary judgment, in light of the Groch decision.
 {¶ 15} Judgment reversed and remanded.
WALSH, P.J., and POWELL, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.
[2] R.C. 2305.10(C)(1) states, "* * * no cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly, or rebuilding of another product" which is identical language to the statute at issue in this case, R.C. 2125.02(D)(2).
[3] The court also discussed its decision in Sheward, which held that a former version of R.C. 2125.02(D) within Am. Sub. H.B. No. 350, was unconstitutional, not because it violated the right to remedy clause, instead because it violated the separation of powers doctrine and the one-subject rule. Sheward at 494, 501. The Groch court stated, "any discussion of the merits of particular tort-reform legislation within that case [Sheward] was dicta" as they discussed arguments regarding the applicability of Sheward to statutes of repose. Groch at ¶ 205, fn. 3.
[4] By creating the remedy, the legislature also has the power to impose limitations on the remedy, namely the requirement that the action be brought within ten years of the product being delivered. This does not mean that a plaintiff is left without any remedy, in similar circumstances, as he may always seek redress from the employer. R.C. 2125.02(D) does not foreclose all remedies it merely places one limitation on a narrow set of circumstances. *Page 1